(89 South. 742)

## RIDGE v. STATE ex rel. TATE.
### (6 Div. 406.)

(Supreme Court of Alabama. June 30, 1921.)

1. Statutes ⚮107(1), 110½(1) — Disorderly house abatement act held not to violate Constitution as to expressing subject in title, and as to embracing more than one subject.

Gen. Acts 1919, p. 52, entitled "An act to declare and abate nuisances defined," "and to prescribe procedure, remedies, punishments, and penalties," and declaring buildings or places in or on which lewdness, assignation, or prostitution is conducted or permitted to be nuisances, held not in violation of Const. 1901, § 45, requiring the subject of legislative acts to be clearly expressed in the title, nor as containing more than one subject.

2. Nuisance ⚮77—Abatement by injunction inherent chancery jurisdiction.

Abatement of nuisances by injunction is inherent in chancery courts, and proceeding therefor is strictly civil in its nature, but property cannot be confiscated unless so provided by statute.

3. Nuisance ⚮60—Abatement of disorderly houses within police power.

Under the police power the Legislature may, as provided in Gen. Acts 1919, p. 52, confer upon chancery courts authority to condemn and confiscate property used for criminal or immoral purposes.

4. Nuisance ⚮77 — Proceedings for confiscation of property not criminal prosecution within constitutional provisions.

A proceeding under Gen. Acts 1919, p. 52, in so far as it involves the confiscation of property used in a disorderly house, is in no sense a criminal prosecution, though it may be regarded as quasi criminal, and it is not within the constitutional provisions regulating procedure and protecting accused in criminal prosecutions.

5. Nuisance ⚮60 — Constitutional provision against seizures held not violated by disorderly house abatement act.

If confiscation of property used in a disorderly house involves seizure under Const. 1901, § 5, which requires probable cause supported by oath or affirmation, that requirement is clearly met by the provision of Gen. Acts 1919, p. 52, providing for abatement of disorderly houses and seizure of property there used.

6. Witnesses ⚮293½—Act to abate disorderly house held not to violate provision against compelling defendant to incriminate himself.

Gen. Acts 1919, p. 52, providing for abating disorderly houses as nuisances, does not violate Const. 1901, § 6, declaring that one accused of crime shall not be compelled to give evidence against himself, inasmuch as respondent thereunder is not required to give such evidence.

7. Constitutional law ⚮319—Act providing for abating of nuisances and confiscation of property held not to provide for taking property without due process.

Gen. Acts 1919, p. 52, providing for the abatement of disorderly houses as nuisances, and for confiscation of property used therein, does not provide for taking property without due process of law, since the judgment of the court is to be rendered only upon due notice to the parties concerned, and after a full hearing on the merits.

8. Nuisance ⚮84—Complaint for abatement of disorderly house may be verified by one knowing the facts. .

A verified complaint under Gen. Acts 1919, p. 53, § 4, for an injunction to abate a disorderly house as a nuisance, is sufficient if it be verified by any competent person knowing or informed of the facts, although the action be brought on the relation of the Attorney General or some other person.

9. Injunction ⚮163(1)—Insufficiency of verification not available on motion to dissolve injunction.

In a proceeding under Gen. Acts 1919, p. 52, to abate a disorderly house as a nuisance, an objection to the complaint having been verified merely on information and belief, even if insufficient as against an apt demurrer, is not available when not so challenged, and cannot be raised by motion to dissolve injunction.

10. Criminal law ⚮662(4)—Statute for abating disorderly house providing punishment for violating injunction does not violate Constitution by providing for trial on affidavits.

Gen. Acts 1919, p. 52, relating to the abatement of disorderly houses as nuisances, and pro-

⚮For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

viding by section 8 for summary trial and punishment of a respondent violating an injunction, is not unconstitutional as providing trial of offender upon affidavits, since either party may demand the production and oral examination of witnesses.

Appeal from Circuit Court, Jefferson County; Richard Evans, Judge.

Bill by the State of Alabama on the relation of Joseph R. Tate, as Solicitor of the Tenth Judicial Circuit, against Nora J. Ridge, to abate a nuisance. From an order overruling demurrers to the bill and granting the writ, respondent appeals. Affirmed.

The allegations of the bill are that the respondents are conducting a hotel at a designated and particularly described place in the city of Birmingham, and that they are maintaining or abetting a nuisance at said place in the practice of lewdness, assignation, or prostitution, which is a source of venereal infection and disease, and a menace to the health of the community. The prayer is for a writ of injunction against the operation of said place for said purposes, and for a temporary writ pending a hearing on the bill, and also for writ restraining respondents or any other persons from removing or interfering with the personal property in said building. The temporary writs were duly issued as prayed. The demurrer attacks the bill on the general ground of want of equity, and of want of jurisdiction, and specifically on the ground that the act under which it is authorized is unconstitutional in the following particulars: First, that the proceeding is in effect a criminal prosecution, and the defendant is required to give evidence against himself in a sworn answer; second, that a writ of injunction is authorized on ex parte affidavit, and the defendant is not confronted by the witnesses against him; third, no provision is made for trial by jury; fourth, the proceeding is not begun by indictment or sworn information; fifth, it deprives the defendant of his property without due process of law; sixth, the purpose of the act is not clearly expressed in its title, and that the title does not indicate that jurisdiction of criminal prosecutions was to be conferred on chancery court. The defendant also moves the dissolution of the temporary injunction for want of equity in the bill, and on the first, second, and fifth grounds of the demurrer shown above.

C. B. Powell, of Birmingham, for appellant.

The title to the act is repugnant to section 45 of the Constitution of 1901. There is no equity in the bill. 199 Ala. 635, 75 South. 25, L. R. A. 1917E, 366; 150 Ala. 259, 43 South. 706; 74 South. 27; 146 Ind. 613, 45 N. E. 1054, 38 L. R. A. 161; Wood on Nuisances, 161. The act required the answer to be sworn to, thus requiring the defendant to produce evidence against himself, and while the penalty is that of injunction, it also carries forfeiture of property and is highly penal and violative of section 6, Const. 1901. 54 Ala. 599.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SOMERVILLE, J. [1] This proceeding is filed under the act approved February 12, 1919 (Gen. Acts 1919, p. 52), which is entitled:

"An act to declare and abate nuisances defined in the act, and to prescribe procedure, remedies, punishments, and penalties."

The nuisances dealt with by the act (section 1) are defined as:

Any "building, erection, or place or any separate part or portion thereof, or the ground itself; * * * in or upon which lewdness, assignation or prostitution is conducted, permitted, continued, or exists, and the personal property and contents used in conducting or maintaining any such place for any such purpose."

Appellant contends that the subject of the act is not "clearly expressed in the title," as required by section 45 of the Constitution. The meaning and construction of that provision has been often considered by this court.

In Mobile Trans. Co. v. City of Mobile, 128 Ala. 335, 30 South. 645, 64 L. R. A. 333, 86 Am. St. Rep. 143, it was said:

"The object of this provision of the Constitution was to prevent surprise and fraud, in passing laws under misleading titles. It should not, therefore, be construed so as to defeat, by too technical an application, legislation not clearly within the evil aimed at. If the title of an act is single and directs the mind to the subject of the law in a way calculated to direct the attention truly to the matter which is proposed to be legislated upon, the object of the provision is satisfied. In such case, the generality of the title, not defining the particulars of the proposed legislation, would be more apt to excite general attention than otherwise, since the general words would give warning that everything within their limits might be affected and thus draw the attention of the whole body of legislators while narrower words only interest those concerned with the matters specially named. It is, therefore, held that the generality of the title is no objection if it may comprehend the particulars of the body of the act, and that the act must be upheld if the subject may be comprehended in the title."

In Ballentyne v. Wickersham, 75 Ala. 536, which discusses the subject at length, and is the leading authority in this state, it was said that the subject, as stated in the title, "may be as broad and comprehensive as the Legislature may choose to make it."

The subject of the act here in question is the abatement of certain nuisances by appropriate procedure and penalties. There is

nothing in the generality of the title which is calculated to mislead or deceive as to the subject-matter of the act. Nor does the act contain more than one subject. It was necessary to define the nuisances intended to be abated, and évery provision found in the act is cognate to its title, and germane to its one comprehensive purpose. We hold, therefore, that the act, as to its title and substance, does not offend section 45 of the Constitution.

[2] In the abatement of nuisances by writ of injunction, the court of chancery exercises its inherent jurisdiction, and the proceeding therefore is strictly civil in its nature. Unaided by statute, the power of the court is limited to the suppression of the nuisance, and does not extend to the confiscation or destruction of property, the mere use of which creates or contributes to the offense. Radney v. Town of Ashland, 199 Ala. 635, 75 South. 45, L. R. A. 1917E, 366; Cuba v. Miss. C. O. Co., 150 Ala. 259, 43 South. 706; Chenango, etc., Co. v. Paige, 83 N. Y. 178, 38 Am. Rep. 407; 29 Cyc. 1250.

[3] It is, however, within the power of the Legislature to confer upon courts of chancery the authority to condemn and confiscate the property of individuals by them used, or permitted to be used, for criminal or immoral purposes; the suppression of crime and vice by the enforcement of such penalties and forfeitures being clearly within the police power of the state. We see no constitutional objection to the act in this aspect.

[4] Such a proceeding in so far as it involves the confiscation of property thus unlawfully used, is in no sense a criminal prosecution, though it may be regarded as quasi criminal, and it is not within the purview of those provisions of the Constitution which prescribe the methods and regulate the procedure, and protect the rights of defendants in criminal prosecutions. Ex parte Pepper, 185 Ala. 284, 64 South. 112.

[5] If it be conceded that the proceeding involves a seizure of property within the meaning of section 5 of the Constitution, which requires probable cause, supported by oath or affirmation, that requirement is clearly met by the provisions of this act.

[6] As to the requirement of a sworn answer from respondents in these proceedings, and the suggestion that it violates section 6 of the Constitution declaring that one who is accused of crime "shall not be compelled to give evidence against himself," it is sufficient to say that, if the required answer would involve incriminating admissions of a criminal offense by a respondent, such respondent can successfully invoke the protection of his constitutional privilege by making the proper showing to the court. In such a case, the respondent not denying his responsibility for the nuisance charged, the result would normally be a decree pro confesso, followed, by a final decree, according to the usu-

al course of chancery practice; and the respondent could not be compelled to answer, as in contempt of the court.

[7] It is clear that the act does not provide for the taking of property without due process of law, since the judgment of the court is to be rendered only upon due notice to the parties concerned, and after a full and orderly hearing of the merits of the cause.

[8] By the terms of the act (section 4) the action must be commenced by the filing of a verified complaint. There is no specification of the person by whom it shall be verified, and it is sufficient if it be veried by any competent person who knows or is informed of the facts, although the action be brought on the relation of the Attorney General, or some other person.

[9] In argument it is urged that the verification of this bill is not sufficient. Its language is that the affiant "is informed and believes that the facts set out in the foregoing bill of complaint are true, as therein stated." If it be conceded that this is not sufficient in substance as against an apt demurrer, the defect is not available to respondent because it is not challenged by any ground of demurrer. It cannot be raised on motion to dissolve the injunction.

[10] It is further urged that section 8 of the act, providing for the summary trial and punishment of any respondent who violates any injunctive or restraining order of the court in the premises, is unconstitutional in its provision for a trial of such offender upon affidavits. This contention is without merit, since it is further provided that either party may demand the production and oral examination of witnesses.

We hold that the act is not subject to the constitutional objections urged against it, and that the demurrer and motion were properly overruled. The decree of the circuit court will therefore be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.