(97 South. 137)

**BROOKS et al. v. STATE ex rel. WADDELL, Deputy Solicitor. (5 Div. 858.)**

(Supreme Court of Alabama. June 28, 1923.)

**1. Appeal and error ⟨⟩192(2) — Failure to make affidavit for injunction to abate nuisance held waived.**

The failure to make the affidavit required by Acts 1915, p. 14 et seq., § 20, with a bill to enjoin a liquor nuisance, cannot be considered on appeal from the final decree, where appellants' motion to discharge the injunction did not raise the point against the regularity of its issuance.

**2. Intoxicating liquors ⟨⟩278—Decree abating nuisance can retain jurisdiction for accomplishment of purpose.**

A decree in the exercise of the court's authority perpetually to enjoin the maintenance of a liquor nuisance upon certain premises can be so molded as to maintain jurisdiction to accomplish the purpose of the bill, and may order the destruction of prohibited liquors and apparatus.

**3. Intoxicating liquors ⟨⟩277—Decree abating nuisance cannot deprive defendants of possession of premises.**

A decree abating a liquor nuisance cannot temporarily or permanently confiscate the real property by denying the owners the right to make any lawful use thereof, and directing the sheriff to retain full and complete possession and control over the premises pending the further orders and decrees of the court.

Appeal from Circuit Court, Russell County; J. S. Williams, Judge.

Bill by the State of Alabama, on the relation of B. De G. Waddell, as deputy solicitor of Russell county, against Robert L. Brooks and Carl J. Roberts, to declare a certain building a liquor nuisance, to abate the same, to enjoin defendants from using said building in violation of the law, etc. From the decree granting the relief prayed for, defendants appeal. Corrected and affirmed.

Frank M. de Graffenried, of Seale, and Hill, Hill, Whiting & Thomas, of Montgomery, for appellants.

The court was without jurisdiction to enjoin the possession, custody, or control of the premises by the defendants. Acts 1915, p. 14, § 20; Fulton v. State, 171 Ala. 572, 54 South. 688; Sou. Exp. Co. v. State, 188 Ala. 454, 66 South. 115; Norman v. W. Va. Pocohontas Coal Co., 68 W. Va. 405, 69 S. E. 857, 31 L. R. A. (N. S.) 504; Sullivan v. Royer, 72 Cal. 248, 13 Pac. 655, 1 Am. St. Rep. 51; Collins v. Wayne Ir. Wks., 227 Pa. 326, 76 Atl. 24, 19 Ann. Cas. 991; 20 R. C. L. 482; 227 Pa. 326, 76 Atl. 24, 19 Ann. Cas. 991; Thornton v. Skelton, 149 Ga. 93, 99 S. E. 299; Tedescki v. Berger, 150 Ala. 649, 43 South. 960, 11 L. R. A. (N. S.) 1060. Unaided by statute, the power of the court is limited to the suppression of the nuisance, and does not extend to the confiscation or destruction of property, the mere use of which contributes to the offense. Ridge v. State, 206 Ala. 349, 89 South. 742; Town of Cuba v. Miss. C. O. Co., 150 Ala. 259, 43 South. 706, 10 L. R. A. (N. S.) 310; Chicago v. Union Stockyards, 164 Ill. 224, 45 N. E. 430, 35 L. R. A. 281; Barclay v. Com., 25 Pa. 503, 64 Am. Dec. 715; Miller v. Burch, 32 Tex. 208, 5 Am. Rep. 242.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Asst. Atty. Gen., for appellee.

The court did not exceed its jurisdiction in ordering the sheriff to take charge of the property pending final decree. Acts 1915, p. 553; Hamilton v. Whitridge, 11 Md. 128, 69 Am. Dec. 187; 1 High on Inj. 53.

SAYRE, J. [1] The bill in this cause was filed to enjoin a "liquor nuisance." Affidavit was not made as required by the statute. Acts 1915, § 20, p. 14 et seq.; Woodward v. State, 173 Ala. 7, 55 South. 506. However, appellants' motion to discharge the injunction did not take the point against the regularity of its issuance, and it cannot now be considered. Woodward v. State, supra.

[2, 3] The trial court had authority, under the statute, supra, and the evidence, to perpetually enjoin the maintenance of the liquor nuisance upon the premises described in the bill and to so shape and mold its decrees as to maintain its jurisdiction and to accomplish the purpose of the bill, and to that end the court may, in the language of the statute, "order an abatement of the nuisance, which order shall direct the destruction of all such prohibited liquors and beverages as are found upon the premises, together with all signs, screens, bars, bottles, glasses, and other movable property used in keeping and maintaining said nuisance," and if a writ of seizure is authorized in advance of a final hearing, then the sheriff has authority to "seize all prohibited liquors and beverages on the premises, together with all signs, screens, bars, bottles, glasses, and other movable property used in keeping and maintaining said nuisance"; but authority for these proceedings is and must be found in the statute (Pike County Dispensary v. Mayor, etc., 130 Ala. 193, 30 South. 451), and in the statute we find no authority for that part of the preliminary injunction and order of seizure, which, in effect, denied to appellants the right to make any lawful use of the premises and directed the sheriff to assume "complete and exclusive control of the said premises" pending a final hearing, nor for that provision of the final decree which required the sheriff to retain full and complete possession and control of the premises pending the further orders and decrees of the court. Brindle v. Copeland, 145 Ga. 398, 89 S. E. 332. The power of the court under the statute does not extend to the temporary or permanent confiscation of real property, the mere use of which creates or contributes to the offense against which the statute is leveled. Ridge v. State, 206 Ala. 349, 89 South. 742. To fix a decree upon real property forbidding its use for any purpose, however lawful, during the indeterminate will of the court, is confiscation sub modo, and for it no authority appears in the statute. Of course, it will be understood that in what has been here said we have no reference to the statute (Acts 1919, p. 12, § 12), which authorizes the condemnation and sale of "buildings and lots or parcels of ground constituting the premises" on which a distillery or plant for the making of prohibited liquor shall have been permitted. This proceeding has no relation to that statute.

The decree will be corrected in the respect indicated and, as corrected, will be affirmed at the cost of appellee.

Corrected and affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.