177 So. 345

### Ex parte HARVELL.

### HARVELL v. FIELD, Judge.
### 7 Div. 477.

Supreme Court of Alabama.
Dec. 2, 1937.

64

James L. Carter, of Anniston, for petitioner.

A. A. Carmichael, Atty. Gen., and Wm. H. Loeb. Asst. Atty. Gen., for respondent.

GARDNER, Justice.

For the abatement of a liquor nuisance, the circuit solicitor filed proceedings in the equity court and obtained preliminary injunction against defendant J. H. Harvell. The bill also sought "padlock proceedings" against the premises, and the chancellor issued such an order as part of a preliminary injunction, and declined to permit defendant to reopen his premises for lawful purposes upon execution of a bond, a course pursued in the decree here reviewed in Joiner v. State, 232 Ala. 522, 168 So. 885.

And in Ex parte Hill, 229 Ala. 501, 158 So. 531, it was observed that the padlock provisions of sections 9290 and 9291, Code 1923 (concerning abatement of nuisances of a character not here involved) were in all reason applicable to abatement of liquor nuisances, and embraced within the broad powers of section 4674, Code 1923, relating to this particular subject. And in Joiner v. State, supra, the court accepted this as a settled ruling of the court.

But petitioner denies any unlawful use of the premises, and insists that 'the feature of the order for preliminary injunction padlocking his premises prevents its use for lawful purposes and works a confiscation thereof without notice to him, citing Brooks v. State, 210 Ala. 97, 97 So. 137, where is also noted Ridge v. State ex rel. Tate, 206 Ala. 349, 89 So. 742.

We adhere to the rule of Joiner v. State and Ex parte Hill, supra, giving application of the provisions of sections 9290 and 9291, Code, to cases of abatement of liquor nuisances. But here the use of lawful, as distinguished from contraband, property is involved, and these statutes and decisions contemplate a resort to such an order only after notice and hearing being given defendant, and thus obviate any constitutional question as to due process of law or prevent any unjust results. 12 Corpus Juris 1224; 46 Corpus Juris 797; Fulton v. State, 171 Ala. 572, 54 So. 688.

Recognizing this principle, an order was here entered by Mr. Justice Bouldin permitting the execution of a bond and a reopening of the property pending a hearing, which was in conformity with the relief petitioner sought before the chancellor.

We are therefore persuaded that the padlock order issued without notice or a hearing was ill advised. That petitioner has pursued the appropriate remedy does not appear to be here questioned. Ex parte Tulley, 227 Ala. 277, 149 So. 700; Ex parte Hill, supra.

The writ will accordingly be here awarded, annulling so much of the preliminary order for injunction as relates to the matter of padlocking defendant's premises.

Certiorari awarded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.