PIGFORD *et al. v.* STATE *ex rel.* BROACH, DIST. ATTY.

(Division A.  Sept. 12, 1938.)

[183 So. 259.  No. 33174.]

**Z. A. Brantley,** of Louisville, and **L. F. Easterling,** of Jackson, for appellants.

**Russell Wright,** Assistant Attorney General, for the state.

**McGowen, J.,** delivered the opinion of the court.

By a bill in equity, undoubtedly drawn under the terms of section 2007, Code of 1930, it was sought to abate appellants' business of unlawfully keeping for sale, and selling, intoxicating liquors, which in effect took from their possession the real property of the owners and operators of a store or business house, and placed same under the exclusive dominion and control of the sheriff of the county. In the wall of a room in this house there was constructed a secret cache or locker operated by a

secret spring not easily detected, in which as the proof shows, whiskey was found by officers of the law.

The facts in this case fully warranted the Chancellor in abating the place, as being operated in violation of the prohibition laws of the state, and he was authorized to enjoin and restrain the parties from any further such violations. However, on the facts here, we think the decree went beyond the power of the Chancery Court in depriving the owners of the structure of the use thereof for lawful purposes; in fact, stripped the owner of dominion over, and control of, his real property for the space of a year.

As to the power of the Chancery Court to abate nuisances, as related to intoxicating liquors, the authority therefor is to be found in sections 2007 and 2008, Code of 1930; no such authority as was exercised here is to be derived from the provisions of chapter 53, Code of 1930, section 2868 et seq., dealing with houses and acts of lewdness and prostitution. These separate acts first came into our statutes in the Laws of 1918, sections 2007 and 2008 of the Code as part of chapter 189 thereof; and chapter 53 of the Code as chapter 193, both approved on the same day, March 28th, 1918. Each scheme is separate and distinct from the other.

Section 2875, Code of 1930, vests the Chancery Court with power to abate prostitution and similar nuisances, and to prohibit the use of real property for any purpose whatever for one year; and that particular power was assumed by the court below in the case at bar.

The power to abate nuisances growing out of the sale of intoxicating liquors found in section 2007, is governed, as to rules of evidence, practice annd procedure, by the rules that pertain generally to equity courts in this state.

The legislature did not deal so drastically with intoxicating liquor cases as with those pertaining to prostitution, and the two acts are not in pari materia, and

cannot be read one into the other. Those statutes are in pari materia which relate to the same person or thing, or class of persons or things, or which have a common purpose; and although an act may incidentally refer to the same subject as is treated of in another act, it is not in pari materia if the scope thereof is distinct and unconnected. 59 C. J. 1042, et seq.

In the construction of a statute such as is here under consideration, it has not generally been thought that courts of equity could enjoin the use of real property for legitimate purposes, wherein an unlawful business had been maintained. 20 R. C. L., par. 481, section 94; although compare 46 C. J., 793. Also see Brooks v. State, 210 Ala. 97, 97 So. 137; Gragg v. State, 73 Okl. 132, 175 P. 201; Respass v. Commonwealth, 131 Ky. 807, 115 S. W. 1131, 21 L. R. A. (N. S.), 836; State v. Baltimore & Ohio R. Co., 78 W. Va. 526, 89 S. E. 288, L. R. A., 1916F, 1001; Ridge v. State, 206 Ala. 349, 89 So. 742, 743; Brindle v. Copeland, 145 Ga. 398, 89 S. E. 332.

In extreme cases there may arise exceptions to the above rule. It would indeed be a rare case, but it might arise. The facts here are not within that category. Green Gables, the structure here in question, did not offend. The decree was too broad and drastic, and should be modified so as to leave the owner in possession of his real property so long as he uses the building for legitimate purposes. The court was fully authorized by the evidence in this case to enjoin and restrain the appellants from possessing, storing or selling intoxicating liquors, and from using Green Gables for that unlawful purpose.

The decree here will be modified in that respect, but in all other respects affirmed.

Affirmed as modified.