REDDING *v.* STATE.

(Division A. Jan. 9, 1939.)

[185 So. 560. No. 33490.]

**Dale & Koonce,** of Hattiesburg, for appellant.

Sebe Dale, of Columbia, for appellee.

**Griffith, J.,** delivered the opinion of the Court.

A bill of complaint was exhibited in the Chancery Court of Lamar County against appellant and others, alleging that the defendants were engaged in the operation of a place, describing it, wherein gambling was being permitted and intoxicating liquors were being sold. There was no allegation or contention that lewdness or assignation or prostitution was being permitted on the premises. Proceedings were thereupon had and conducted throughout as if under Chapter 53, Code 1930, section 2868, et seq., which deals with the subject last mentioned, and which chapter has no application to the nuisances involved in a case such as here before us,—as expressly held recently in Pigford v. State ex rel., 183 So. 259.

In the decree enjoining the nuisance there was included a prohibition against the removal of any of the personal property from the premises; which prohibition would have been valid and obligatory under said Chapter 53, Code 1930, had that chapter been available in the character of case before the court, but for which there is no authority whatever in the statutes, Chapters 341 and 349, Laws 1938, dealing with gambling and liquor nuisances,— prostitution not being involved.

Appellant Redding removed some of the personal property from the premises, for which he was adjudged in contempt and was sentenced to imprisonment, from which sentence this appeal is prosecuted.

The question is whether that part of the decree which was disobeyed was absolutely void, the rule being that however erroneous an order of injunction may be, so long as not utterly void, it must be obeyed until dissolved. The answer here must be, however, that that part of the injunctive order here in question was utterly or absolutely void. An injunction issued without any authority of law whatever is necessarily void, else we would permit all the asserted evils of government by judicial fiat, rather than by or under the law of the land. And upon the

same reason, of course, where a part of an injunction is without any authority of law whatever, that part will be void.

It is true that the injunction was issued, and the sentence here appealed from was entered, by the chancellor before the date of the decision by this Court in Pigford v. State, supra, and that it had theretofore been supposed by many of the bench and bar that Chapter 53, Code 1930, applied to liquor and gambling establishments as well as to places of assignation and prostitution; but the error in applying that chapter to the case which was here before the chancellor does not operate to make the injunction erroneous only, and one which, therefore, must be obeyed until dissolved. Every void injunction might in one sense be said to be erroneous; but the point is that when an injunction is erroneous to the extent that it has in fact no support of any applicable law whatever, it can be nothing more than void, and being void cannot sustain a sentence for contempt. And whatever division among the authorities there may be in other states, our court by the elaborate opinion in McHenry v. State, 91 Miss. 562, 44 So. 831, 16 L. R. A. (N. S.) 1062, is committed to the rule to which we are here conforming.

Reversed, and appellant discharged.