HANSBROUGH *et al. v.* STATE, *ex rel.* PITTMAN, COUNTY ATTORNEY.

(Division B.   Oct. 26, 1942.)

[10 So.  (2d) 170.   No. 35077.]

Earle L. Wingo, of Hattiesburg, for appellants.

Greek L. Rice, Attorney-General, by Russell Wright, Assistant Attorney-General, for appellees.

**Anderson, P. J.,** delivered the opinion of the court.

The cases of Hansbrough and White, appellants, are identical in every respect except as to the bond required, although tried separately. The two cases, although not consolidated, are bound in one volume and briefed together. We will dispose of the Hansbrough appeal first, and in another opinion dispose of the White appeal. 10 So. (2d) 171.

Chapter 349, Laws of 1938, is in this language:

"Any club, vessel or boat, place or room where liquors are found, kept or possessed or any boat or vessel used in any of the waters of this state in conveying any intoxicating liquors or any person with intoxicating liquor in their possession or under their control into or in this state shall be deemed to be a common nuisance and may be abated by writ of injunction issued out of a court of equity upon a bill filed in the name of the state by the attorney-general or any district or county attorney whose

duty requires him to prosecute criminal cases on behalf of the state, in the county where the nuisance is maintained, or by any citizen or citizens of such county, such bill to be filed in the county in which the nuisance exists. And all rules of evidence and the practice and procedure that pertain to courts of equity generally in this state. may be invoked and applied in any injunction procedure hereunder. Upon the abatement of any such place as a nuisance the person found to be the possessor or owner of such liquor may be required by the court to enter into a good and sufficient bond in such amount as may be deemed proper by the court to be conditioned that the obligor therein will not violate any of the prohibition laws of the state of Mississippi for a period not to exceed two years from the date thereof. The failure to make such bond shall be a contempt of court and for such contempt the person or party shall be confined in the county jail until such bond is made, but not longer than two years. Said bond shall be approved by the clerk of the court where the proceedings were had and shall be filed as a part of the record of such case.''

The state, on the relation of the county attorney, filed its bill in the Chancery Court of Forrest County to enjoin Hansbrough from operating the business of selling intoxicating liquors, constituting a nuisance under the statute, and asking that such nuisance be abated.

The cause was tried on bill, answer, and proof, and other proceedings not necessary to mention, resulting in a decree granting the prayer of the bill. In addition, the decree provided, as authorized by Chapter 349, that Hansbrough enter into good and sufficient bond in the amount of one thousand dollars, conditioned upon his not violating any of the prohibition laws of the state for a period of two years from the date thereof; and that the failure to make such bond should be a contempt of court for which he should be confined in the county jail until the bond was made, the bond to be approved by the clerk

of the court where the proceedings were had, and filed as a part of the record.

Hansbrough failed to make the bond. Thereupon, in accordance with the decree, he was committed to jail for a period of two years, or until the bond was made. On the trial he testified that he had made an effort in good faith to make the bond and had failed to do so; that he had called on numerous persons to sign it as sureties who had refused to do so; and that he had reason to believe that if anybody would go his surety, it would be those whom he had called on and who had refused. There was no evidence to the contrary.

The chancellor treated this evidence as immaterial, holding that the fact that Hansbrough failed to make the bond was the end of the inquiry; that the law recognized no excuse for his failure. In other words, the chancellor held that, under the statute, Hansbrough could be imprisoned for two years for failure to do a thing which it was impossible for him to do. We disagree with the chancellor.

The language of the statute is: "The failure to make such bond shall be a contempt of court and for such contempt the person or party shall be confined in the county jail until such bond is made, but no longer than two years."

It is an element essential to a contempt that the party charged shall have been able to comply with the order, disobedience of which is charged, unless his disability is the result of his own wrongful act. 17 C. J. S., Contempt, Sec. 19, p. 24; McHenry v. State, 91 Miss. 562, 44 So. 831, 16 L. R. A. (N. S.), 1062; Redding v. Redding, 167 Miss. 780, 150 So. 776; note in 120 A. L. R. 704; 12 Am. Jur. p. 438.

In construing a statute relating to legal proceedings, the legislature will be presumed, when using a legal term, to have employed the term in the sense as understood in the law appertaining to that term, 59 C. J.,

p. 979. Hence, the presumption is that the legislature employed the word "contempt" in contemplation of the element of ability or disability to comply, as stated in the foregoing paragraph.

To adopt the construction contended for by the state, to wit, that the statute should be construed as if analogous to the requirement of a peace bond, we would have to strike out all references to contempt, which we are not authorized to do.

Reversed and remanded.