FOREMAN, et al. *v.* STATE, ex rel.

In Banc.   June 12, 1950.

No. 37395  (46 So. (2d) 794)

Clay B. Tucker, for appellants.

**George H. Ethridge**, Assistant Attorney General, for appellee.

**Roberds, J.**

This is a proceeding under Sections 1073 and 2646, Miss. Code 1942, to have the business of appellants, conducted upon described premises, declared a common nuisance, because, upon such premises, appellants were engaged in the selling of liquor and gambling. The court found the business so conducted to be a common nuisance, entered a decree so adjudicating, and ordering the same

to be abated; required appellants to execute a bond in the sum of $2,500 to obey the decree of the court; ordered the sheriff to lock up the part of the building being used as a grocery store and for the gambling and whiskey-selling business, including a nearby warehouse, and granted an appeal upon execution by appellants of a bond in the sum of $500. The sheriff did lock up the buildings, retaining the keys thereto; appellants executed the bond for $2,500 to obey the decree of the court, and also the appeal bond. Defendants appeal.

They make two contentions: First, that the evidence does not support the finding of the chancellor that the business conducted by appellants constituted a common nuisance; and, Second, that the court had no power to padlock the buildings.

There is no need to set out the testimony on the first contention. It is sufficient to say the findings of the chancellor in that regard are amply sustained by the proof.

On the second proposition, the chancellor had no power, under the facts of this case, to padlock the store and the warehouse. Under the two named sections, the court can abate and enjoin the prosecution of the business adjudged to be a common nuisance, and require offenders to execute bond to comply with the decree of the court. That was done in this case. As was stated in Pigford et al. v. State ex rel. Broach, 184 Miss. 194, 183 So. 259, we do not decide whether, in some extreme case, the court would not have powers other than those specified in said sections to require compliance with its orders, for instance, where bond is ordered but the party cannot make it, yet the circumstances are such they are not in contempt. Hansborough v. State, ex rel. Pittman, 193 Miss. 461, 10 So. (2d) 170; White v. State ex rel. Pittman, 193 Miss. 467, 10 So. (2d) 171. No such case is before us. Here appellants executed the compliance

bond. That part of the decree below padlocking the buildings is erroneous, and the decree will be modified here accordingly.

Affirmed as modified.