## NEWMAN *v.* STATE EX REL. BARLOW, DIST. ATTY.

May 24, 1954

No. 39198 66 Adv. S. 21 72 So. 2d 700

*Arrington & Arrington,* Hazlehurst, for appellant.

*Joe T. Patterson,* Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

This is a suit in chancery to abate as a common nuisance a garage at which intoxicating "liquors are found, kept or possessed . . ." The principal question is whether the chancellor was manifestly wrong in holding that appellant conducted no lawful business on the premises, and in therefore padlocking the place in toto.

The statute in question, Code of 1942, Section 2646, provides: "Any club, vessel or boat, place or room where liquors are found, kept or possessed or any boat or vessel used in any of the waters of this State in conveying any intoxicating liquors or any person with intoxicating liquor in their possession or under their control into or in this State shall be deemed to be a common nuisance and may be abated by writ of injunction issued out of a court of equity upon a bill filed in the name of the State by the Attorney General or any district or county attorney whose duty requires him to prosecute criminal cases on behalf of the State, in the county where the nuisance is maintained, or by any citizen or citizens of such county, such bill to be filed in the county in which the nuisance exists. . . . Upon the abatement of any such place as a nuisance the person found to be the possessor or owner of such liquor may be required by the court to enter into a good and sufficient bond in such amount as may be deemed proper by the court, to be conditioned that the obligor therein will not violate any of the prohibition laws of the State of Mississippi for a period not to exceed two years from the date thereof . . ."

The district attorney brought this suit in the Chancery Court of Copiah County against appellant Rupert Newman. The bill charged that Newman operated a place named "Hazle Motor Company"; that the place was a common nuisance in violation of Section 2646, because appellant there kept, possessed and sold intoxicating liquors in violation of the statutes; and that appellant was carrying on no legitimate, lawful business in the

building in question. The bill asked that the place be abated and closed as a common nuisance, and that appellant be required to make a bond not to violate the prohibition laws for a period not to exceed two years. Defendant's answer denied the averments of the bill. The sheriff and two deputy sheriffs testified for the State. For the defense appellant and his brother testified. The chancery court's opinion and decree found that appellant's garage was a common nuisance, used solely for the purpose of possessing and selling intoxicating liquors, and that appellant did not conduct any legitimate business in the place in question. Hence the decree "abated, closed and padlocked" the Hazle Motor Company as a "common nuisance," enjoined appellant from possessing or selling liquors for a period of two years, and required him to make a $2,000 bond as authorized under the statute on condition that he would comply with that mandate. An appeal was taken from that decree, with supersedeas only to the extent that it enjoined lawful business operations on the premises.

 █Without reviewing the evidence in detail, we think that the record supported the finding of the chancellor that liquors were found, kept and possessed on the premises by appellant, and that these unlawful actions constituted a common nuisance within the definition of Code Section 2646. In this civil proceeding appellee was required to make out its case by a preponderance of the evidence. 48 C. J. S., Intoxicating Liquors, Section 420 (c). ██ ██ Certainly we would not be warranted in. saying that the chancellor was manifestly wrong in his findings on this issue.

The other question involved is whether the chancery court erred in its finding that appellant was conducting no legitimate business whatever at the Hazle Motor Company and in therefore abating and padlocking the entire building and premises. Appellant's brother, Hiram C. Newman, leased the property in question from

the owner on March 15, 1951, for a period of twenty-four years, at a monthly rental of $25. He subleased it to appellant. The building on this one-acre is of concrete block construction, on the west side of Highway 51, facing east, about one mile south of Hazlehurst. Sheriff Stevens testified that very little business, if any, went on at the Hazle Motor Company; that some old tires were in the garage, and he had seen some mechanical work there on only one or two occasions. He had observed gas being sold there one time. He stated that there were some shelves in the place with cigarettes and possibly some tubes but very little merchandise. Deputy Sheriff Gladney stated that he had seen some business being carried on there only a few times, and that he had noticed the sale of a little gasoline a time or two. Hiram C. Newman, appellant's brother, stated that he had run a garage on this property for about two years before it had burned. Apparently it was later either repaired or rebuilt.

Appellant offered in evidence four licenses which he had purchased: A State license to sell cigarettes, cigars and tobacco; a State license to operate a pin ball machine; a county privilege license for the operation of an oil and gas business at Hazle Motor Company; and a county license to conduct the business of an automobile repair shop. Appellant testified that he was running the place alone at the present time. Up until several months before the trial in May, 1953 he had employed two mechanics, whom he named, to help him repair cars. He stated that he was a mechanic, and that he repaired cars himself, overhauling motors, putting in back ends, and miscellaneous repairs; and that he sold automobile accessories and gasoline. He named several particular repair jobs that he had done in May 1953, and stated that in that month he had earned $160 to $200. He did not remember much of the details of his repair work and the charges, and apparently kept no books, but his

testimony was undisputed as to what he had earned and concerning prior repair. He identified two white mechanics who had previously worked for him for several months, and that testimony is undisputed. He admitted that he had not sold much gasoline during the first five months in 1953, apparently not over 750 gallons. He did not know what size stock of goods he had in his business, and stated that the reason he did not have all of these facts was because he was there all of the time. Manifestly appellant's legitimate and lawful business was small, and he kept no books or records. But his testimony that he was operating a small automobile repair shop and was actually doing that sort of work with reasonable regularity, that he was selling some gasoline and some automobile accessories, and that he operated in the place a pin ball machine, is undisputed, and requires the conclusion that, although appellant's lawful business was not a large one, it was a legitimate garage repair and filling station business which he was conducting at the Hazle Motor Company. So we think that the trial court erred in finding that appellant was not conducting any lawful business on the premises.

In Pigford v. State, 184 Miss. 194, 183 So. 259 (1938), the trial court, acting under Section 2646, had abated and padlocked the entire place, which was apparently a country store as well as a liquor joint. The Court affirmed the decree insofar as it abated the unlawful business, but modified the decree "so as to leave the owner in possession of his real property so long as he uses the building for legitimate purposes." It was there said: "In the construction of a statute such as is here under consideration, it has not generally been thought that courts of equity could enjoin the use of real property for legitimate purposes, wherein an unlawful business had been maintained. . . . In extreme cases there may arise exceptions to the above rule. It would indeed be a rare case, but it might arise. The facts here are

not within that category. Green Gables, the structure here in question, did not offend. The decree was too broad and drastic, and should be modified so as to leave the owner in possession of his real property so long as he uses the building for legitimate purposes."

Pigford v. State was followed in Seaney v. State, 186 So. 312 (Miss. 1939), Kent v. State, 186 So. 312 (Miss. 1939), and in Foreman v. State, 209 Miss. 331, 46 So. 2d 794 (1950). In Foreman it was said: ". . . the chancellor had no power, under the facts of this case, to padlock the store and the warehouse. Under the two named sections, the court can abate and enjoin the prosecution of the business adjudged to be a common nuisance, and require offenders to execute bond to comply with the decree of the court. That was done in this case. As was stated in Pigford et al. v. State ex rel. Broach, 184 Miss. 194, 183 So. 259, we do not decide whether, in some extreme case, the court would not have powers other than those specified in said sections to require compliance with its orders, for instance, where bond is ordered but the party cannot make it, yet the circumstances are such they are not in contempt. Hansborough v. State, ex rel. Pittman, 193 Miss. 461, 10 So. 2d 170; White v. State, ex rel. Pittman, 193 Miss. 467, 10 So. 2d 171. No such case is before us. Here appellants executed the compliance bond. That part of the decree below padlocking the buildings is erroneous, and the decree will be modified here accordingly."

The principles stated in the foregoing cases are applicable here. State v. White, 178 Miss. 542, 173 So. 456 (1937), did not consider the instant question. State v. Ingram, 179 Miss. 485, 176 So. 392 (1937), involved a situation where the proof was substantially undisputed that the tourist camp was used for nothing but the condemned, unlawful purposes, and the Court there also did not consider the present issue. White and Ingram were decided before Pigford. Compare Caravella v. State, 185

Miss. 1, 186 So. 653 (1939); Noe v. Gully, 193 So. 36 (Miss. 1940); State v. Hoyt, 178 So. 89 (Miss. 1938); Vermillion v. State, 210 Miss. 255, 49 So. 2d 401 (1950); Atkins v. State, 56 So. 2d 886 (Miss. 1952); Brooks v. State, 68 So. 2d 461 (Miss. 1953).

The decree of the chancery court is affirmed insofar as it abates and enjoins any unlawful actions upon the premises, and requires appellant to make the statutory bond conditioned upon a compliance with the decree. The decree is modified to the extent that there is deleted from it the abatement and injunction directed against the operation by appellant of a lawful business on the premises. Appellant is left in possession of his real property so long as he uses it for legitimate purposes.

Affirmed as modified.

*Roberds, P. J.,* and *Hall, Lee* and *Kyle, JJ.,* concur.