WHITTINGTON *v.* STATE EX REL. BARLOW, DIST. ATTY.

No. 39311          November 1, 1954   ·      75 So. 2d 272

*Arrington & Arrington,* Hazlehurst, for appellant.

*Wm. E. Cresswell*, Asst. Atty. Gen., Jackson, for appellee.

ROBERDS, P. J.

This is a padlock proceeding. The chancellor, after hearing on petition filed by the district attorney, entered a decree finding that Whittington was engaged in the unlawful sale and possession of whiskey at a place called Teddy Whittington's Pool Room, and that such operation constituted a nuisance, and decreeing (1) that he be enjoined from such sale and possession, and (2) that he be required to execute bond in the sum of $2,000.00 conditioned not to engage in such sale or possession for two years; and on failure to execute such bond that he be confined in jail, and (3) the sheriff was directed and ordered to procure locks and chains and padlock the place

of business until further orders of the court. The foregoing proceeding was under Section 2646, Mississippi Code 1942. The petition also alleged that said premises were used for gambling purposes, and, for that reason, constituted a nuisance under Section 1073 of said Code. However, the chancellor found that the proof failed to establish the allegations as to gambling. Whittington prosecutes this appeal.

The only error assigned, or argued, is the action of the court in padlocking the building, thereby depriving appellant of the use thereof for lawful purposes.

This is a brief summary of the testimony: The place of business is located outside of, but near, the corporate limits of the City of Hazlehurst. The property consists of a three room building located upon two acres of land, and, in addition, fifty acres of land adjoining the two acres. Appellant pays $30.00 per month rent for both tracts. In one room appellant keeps for sale cigarettes, nabs, pickled pig feet, potato chips, coca colas, bread and other articles of food, and located therein is an eating counter, a refrigerator and tables, and a nickelodeon. Another room is used as a poolroom, for the operation of which activity appellant had duly paid the privilege tax. The third room is used for sleeping quarters for a helper in the conduct of the business. Appellant cultivates part of the two acres and also part of the fifty acres. He produces various types of crops, such as beans, corn, turnips, beets, watermelons, and other vegetables, and he pastures cattle and produces hay upon part of the fifty acres, and keeps upon the premises farming tools and implements.

The sheriff made five raids upon the premises.

On the first search he found half a pint and what is designated "a one-fifth" of whiskey. A public road runs some one hundred to two hundred feet of the building. The above whiskey was found "just across the road and in the road ditch from the within described place."

The testimony showed the place to be 75 feet from the road. No whiskey was found in the building. The officer did find in the building cakes, cigarettes, pickled pig feet, bread, tables, and an eating counter, refrigerator, etc.

On the second raid the officer found six pints of whiskey "south of the building on the bank of the Lake Road." This was some 75 feet from the place where the first whiskey was found.

On the third search the officers found 23 pints of whiskey on the public highway, some 150 feet from the poolroom on the other side of the public road.

On the fourth raid the officer found a half pint of whiskey "under what looked to be a homemade wood slide under the edge of the building operated by Teddy Whittington". The officer assumed that this "slide" was used in and about the gardening and farming operations.

On the last search the officer found nine pints of whiskey "about 100 feet south of the pool room" and in the ditch of the driveway running west from Lake Hazle Road, and as the road "goes on around to a house" some 200 yards from the highway. This was also across the public road from the poolroom.

It will be noted that the only whiskey found on the Whittington premises was the half pint under the slide. All the rest was at varying distances across the public road from the poolroom. It is not shown that any paths led from the poolroom to the places where the whiskey was found. It is shown, however, that there are a number of occupied houses in the vicinity where the whiskey was found, some of them appearing to be nearer those places, or some of them, than was Teddy Whittington's Pool Room.

██ █ Was the chancellor justified in padlocking this building and depriving appellant of the use thereof for legitimate purposes? We do not think so.

In Pigford v. State, 184 Miss. 194, 183 So. 259, this Court said: "In the construction of a statute such as is here under consideration, it has not generally been thought that courts of equity could enjoin the use of real property for legitimate purposes, wherein an unlawful business had been maintained * * * (citing a number of authorities). In extreme cases there may arise exceptions to the above rule. It would indeed be a rare case, but it might arise." See also Newman v. State, ex rel. Barlow, 221 Miss. 331, 72 So. 2d 700, following the Pigford case.

The unlawful sale, or possession, of whiskey is a personal act. The building is incidental. Except perhaps as to the half pint found under the slide appellant could have conducted this liquor business, if he did conduct it, as well without as with the use of the building. He has been placed under a $2,000.00 bond to restrain him personally from engaging in this unlawful business for two years. We are of opinion the learned chancellor was not justified in padlocking his building. The decree will be modified insofar as it did that.

Affirmed in part and reversed in part and decree modified here.

*Lee, Kyle, Ethridge* and *Gillespie, JJ.,* concur.