THE STATE OF DELAWARE on the relation of DAVID P. BUCKSON, Attorney General of the State of Delaware,
Plaintiff,

*vs.*

JOSEPH AMATO, JOHN GENTILE, RICHARD SAXTON, JOHN AMATO, the ESTATE OF LOUISA ALESSANDRINI, GENE ALESSANDRINI, Executor of the Estate of Louisa Allesandrini,
Defendants.

THE STATE OF DELAWARE on the relation of DAVID P. BUCKSON, Attorney General of the State of Delaware,
Plaintiff,

*vs.*

STANLEY SMULSKI, ARCHIE DIXON, and HENRY P. GIBBONS,
Defendants.

THE STATE OF DELAWARE on the relation of DAVID P. BUCKSON, Attorney General of the State of Delaware,
Plaintiff,

*vs.*

JOSEPH DIROSA, DANIEL MARUCCI, ALBERT DISALVO, MICHAEL BENICKY, ANGELO MARABITO, EUGENE SMALLWOOD, and DANIEL M. DELCOLLO,
Defendants.

THE STATE OF DELAWARE on the relation of DAVID P. BUCKSON, Attorney General of the State of Delaware,
Plaintiff,

*vs.*

PETER C. OLIVERE, INC., JOSEPH ROSSITTO, CHESTER ZUCHOWSKI, JOSEPH STANT, EUGENE SMALLWOOD, ANGELO MARABITO, ALBERT ROSEN, and ALPHONSO GROSS,
Defendants.

*New Castle, August 10, 1965.*

David P. Buckson, Atty. Gen., and *Richard I. G. Jones,* Deputy Atty. Gen., for the State in all actions.

*Norman N. Aerenson,* of Aerenson & Balick, Wilmington, for Joseph Amato and others, defendants in Civil Action No. 1707.

*Joseph J. Longobardi, Jr.,* of Longobardi & Schwartz, Wilmington, for Stanley Smulski and others, defendants in Civil Action No. 1708.

*Robert B. Walls, Jr.,* of Coxe, Booker, Walls & Cobin, Wilmington, for Michael Benicky in Civil Action No. 1709.

No appearance for Joseph DiRosa and others in Civil Action No. 1709.

*David Snellenburg, II,* of Killoran & Van Brunt, Wilmington, for Angelo Marabito, defendant in Civil Action No. 1709.

*Victor J. Colombo,* Wilmington, for Peter C. Olivere, Inc., defendant in Civil Action No. 1742.

*Robert C. O'Hora* and *John P. Daley,* Wilmington, for defendants Joseph Rossitto and others in Civil Action No. 1742.

SEITZ, Chancellor: In these four actions the State, on the relation of the Attorney General ("plaintiff"), charges that the defendants were using various premises for illegal gambling as defined in 11 *Del.C.* § 669 (receiving and recording horse bets), and were thereby guilty of maintaining a nuisance under 10 *Del.C.* § 7102. Plaintiff sought, *inter alia,* a permanent injunction under 10 *Del.C.* § 7106.

In the first three actions filed (C.A. 1707, 1708, and 1709) plaintiff sought and obtained a preliminary injunction. *State of Delaware ex rel. Bove v. Amato, State of Delaware* ex rel. *Bove v. Smulski, State of Delaware* ex rel. *Bove v. DiRosa,* 41 *Del.Ch.* 91, 188 *A.2d* 243. In the fourth action the court ruled that a preliminary injunction should issue and thereafter denied, *inter alia,* a motion to dismiss or for summary judgment by certain defendants. *State of Delaware* ex rel. *Buckson v. Rossitto,* 41 *Del.Ch.* 216, 191 *A.2d* 642.

After the aforementioned judicial action, certain of the defendants in all four actions filed motions to dismiss and stipulated to a brief schedule which was not observed. After the court "invited" action of some sort, certain of the parties filed briefs and this is the court's ruling on all grounds of the motions to dismiss which were briefed.

The defendants in the Rossitto case who are represented by Mr. O'Hora ("Rossitto defendants") first contend that 10 *Del.C. Chap.* 71 is unconstitutional because it penalizes persons claiming the privileges against self-incrimination. They say that 10 *Del.C.* §7105(e) requires them to file a verified answer. First off, the section referred to ("7105(e)") deals solely with preliminary or temporary injunctions and the verified answer required there is only in connection with any application for a temporary injunction. As I construe the statute, a defendant has the usual time to answer and may file an unverified answer if he merely wishes to contest the case at final hearing.

█ There is nothing unusual about filing a verified answer to contest the right to preliminary relief. It is treated as an answering affidavit. Certainly a defendant cannot say that he is being deprived of his constitutional privilege against self-incrimination in the ordinary case where preliminary injunctive relief is requested and he fails to file an answering affidavit because it might incriminate him. Is the situation different because §7105(e) requires a sworn answer to be filed in connection with a preliminary injunction application?

██ The failure to file a verified answer does not, as I construe the statute, result in the automatic issuance of a preliminary injunction. Indeed, under §7105(e) the hearing on the application for a

temporary injunction can go forward to decision even though the court has extended the time for the defendant to answer. Even in the absence of an answer, therefore, the State must satisfy the court that it is entitled to the relief requested under standards appropriate to such an application. See §7105(f); compare *State* ex rel. *Bove v. Amato,* 41 *Del.Ch.* 91, 188 *A.2d* 243.

 Thus the statute as construed creates a procedure which is no different from the practice in criminal courts when the privilege against self-incrimination is invoked. If only the defendant, in such case, knows the true facts and refuses to divulge them in claiming the privilege, the available evidence will be weighed by the trier of facts and a verdict arrived at. If the verdict is adverse to the defendant, he has no right to complain that if all the facts were available (i. e., if he had not claimed his privilege), the opposite verdict would have resulted. The defendant cannot necessarily have his privilege and his verdict too. The only negative factor incident to not filing a verified answer in these actions is that the defendant's case may lack material affirmative evidence, which only he knows of, but refuses to divulge. Otherwise the same process of weighing evidence occurs. For these reasons I find that the pertinent statutes as construed do not violate the defendants' privilege against self-incrimination. Compare *Ridge v. State* ex rel. *Tate,* 206 *Ala.* 349, 89 *So.* 742; 22 *A.L.R.* 542.

 The Rossitto defendants next contend that 10 *Del.C.* § 7106 violates due process in that it provides, *inter alia,* that evidence of general reputation of the place, in and of itself, shall be prima facie evidence of maintaining a nuisance.[1] Their reasoning is that the circumstantial evidence rule is really a due process rule and requires proof by a preponderance of the evidence, which is incompatible with the use of the statute.

 First, it must be noted that the rule dealing with admissibility of evidence concerning a criminal defendant's reputation is not in issue here. On the contrary, only the reputation of the "place" is made admissible by this Section. But putting this factor aside, counsel

---

1. Defendants' brief seems to suggest that § 7106 does not apply to illegal gambling. It does, at least as to reputation evidence. See *State ex rel. Bove v. Amato,* 41 *Del.Ch.* 91, 188 *A.2d* 243.

for Rossitto defendants argue that because of the reputation provision a defendant loses if he does not choose to answer. They say that this violates due process. First off, such a defendant does not necessarily lose. The court must decide whether or not to believe the reputation evidence, and, if believed, whether a particular defendant is a party to the maintenance of the nuisance. Furthermore, this court recognizes that "* * * where circumstantial evidence is involved, the court must be even more vigilant to see that the only inference reasonably consistent with such evidence is that the place is used in the illegal manner charged", *State* ex rel. *Bove v. Amato,* 41 *Del.Ch.* 91, 188 *A.2d* 243, 247. The court's interpretation of the statute hardly seems to be at odds with accepted rules of evidence in this area. Thus, the contention concerning the constitutionality of the statutory provision because of the effect given reputation evidence lacks merit. I add that defendants do not contend that the prima facie effect provided by the statute is invalid because of a lack of a rational relationship between such reputation and the effect accorded it.

It is also contended by the Rossitto defendants that *Chapter* 71 of *Title* 10 is unconstitutional because it expressly exempts the State from posting an indemnity bond before a preliminary injunction may issue. Thus, they say that defendants affected by a closing order, if ultimately found not to have maintained a nuisance, will not be reimbursed for either their losses incident to the closing of the establishment, or for bond premiums paid by them in the event the premises remain open pending the final hearing as the statute permits. This, it is argued, constitutes a taking of property without just compensation and is therefore violative of State and Federal constitutional guarantees.

Since none of the Rossitto defendants are owners or lessees of the properties involved, I conclude that they lack standing to make this argument.

The Rossitto defendants and the defendant represented by Mr. Aerenson make the contention that the court is not authorized by *Chapter* 71 of *Title* 10 to grant the plaintiff's prayer to enjoin gambling activity of the proscribed type by these defendants anywhere

else within the State. While they have raised this issue by their motions to dismiss, I shall here consider them as motions to strike the prayer.

The State relies on 10 *Del.C.* §7106(e) which provides:

"(e) If the existence of the nuisance is established upon the trial, a judgment shall be entered which perpetually enjoins the defendants and any other person from further maintaining the nuisance at the place complained of, and the defendants from maintaining such nuisance elsewhere within the State."

The defendants point out that § 7101 defines nuisance as "any place * * * in or upon which * * * illegal gambling is conducted, permitted, continued, or exists and the personal property and contents used in conducting or maintaining any such place for any such purpose". "Place" is defined by that same Section as "* * * any building, erection, or place on any separate part or portion thereof, or the ground itself." From these definitions the defendants argue that a nuisance must be connected with a particular place.

To this point the defendants' analysis is true, but how does it help them? The defendants go on to note that in (e) above, the language "such nuisance" can under the definitions refer only to the place where the nuisance has been found to exist. Thus, they argue that the language "elsewhere within the State" must be limited to situations where the nuisance exists at that place and that place only. They purport to give the language meaning under such a construction, by pointing out that it would embrace activities by defendants who continued the nuisance at the same place but themselves operated from a different physical location within the State.

The statute permits the court to find the existence of a nuisance by activities of a certain type at a certain place. Once a nuisance has been found to exist at a certain place, the statute (§7106(e)) delineates the remedies which "shall" be granted. First a permanent injunction issues against the defendants and any other defined person from further maintaining the nuisance at the place complained of. Clearly a defendant can be guilty of maintaining a nuisance at a particular place without ever being physically present there,

e. g., an absentee owner of the premises. Thus, the language in issue would be meaningless as applied to such a defendant if it is as limited as defendants contend. Considering the subject matter sought to be eliminated, e. g., illegal gambling, it is evident that the language which authorizes a restraint against the maintenance of such nuisance elsewhere within the State must refer to the maintaining by guilty defendants of a similar statutory nuisance at another location within the State. Its purpose is to block an obvious means of frustrating the effectiveness of the injunctive relief granted by merely moving to another location.

I conclude that defendants' construction of the statute is unwarranted and its motion raising this issue must be denied.

Present order on notice.