GREEN *v.* STATE, ex rel. CHATHAM.

Division B. Jan. 7, 1952.

No. 38128 (56 So. (2d) 12)

**Stone & Stone,** for appellant.

**Geo. H. Ethridge,** Assistant Attorney General, for appellee.

**Holmes, C.**

Bill was filed in the Chancery Court of the First Judicial District of Yalobusha County against Fred Green, the appellant, seeking to abate as a public nuisance a certain cafe as operated by appellant in the village of Oakland, and to enjoin appellant from the operation of said cafe in such manner as to constitute a public nuisance. The material allegations of the bill are as follows:

"That the defendant is the owner and operator of a combination restaurant and dance hall in the Town of Oakland, in said district and state which is located on the south end of Main Street next to the last store on said street and being between Fred Green's grocery store and the Carson Moore dry goods store in a concrete block building.

"That Oakland is a town of 516 inhabitants, situated on the main line of the Illinois Central Railroad Company in the First Court District of Yalobusha County, Mississippi.

"That the said defendant has for many months owned, controlled and operated said cafe and dance hall in such a manner as to become an offense and a nuisance to the residents of the Town of Oakland and has been so controlled and operated by said defendant that the citizens and residents of Oakland and the public generally have

been interfered with in the reasonable use and enjoyment of their property, and in the ordinary and reasonable comfort, use and enjoyment of their homes.

"The State would show unto the court that the defendant advertises his said place of business and caters to the patronage of colored people, and in order to make said place of business attractive for their use he has installed therein a music machine, commonly known as a "juke box", which will play upwards of two dozen records after having been properly financed.

"That the customers of defendant avail themselves of the music-making facilities there in his place of business and over the weekends, and especially on Saturday night, large numbers of patrons congregate there, consisting almost wholly of members of the colored race, and engage in various forms of entertainment and dancing accompanied by shouting and singing, swearing and boisterous noises until the early hours of the Sunday morning following. That after the hour at night when most people have gone to bed, and particularly the citizens of Oakland, the music from the defendant's place of business and the loud and boisterous noises are heard over the entire community of Oakland, and the citizens thereby deprived of their rest and deprived of sleep and prevented from going to sleep and frequently such noises are accompanied by swearing and unprintable profanity to which the women and children of Oakland are subjected weekend after weekend; and, although said defendant has been repeatedly requested by various citizens of Oakland to operate his said place of business with proper decorum and circumspection, he has defied their requests and continued to operate said place to the detriment of the welfare, morals, health and well-being of the citizens of Oakland and surrounding territory.

"The State would show further unto the court that said place of business has no proper sanitary facilities and frequently at night those among the large numbers present have been guilty of indecent exposure on the

public streets of the Town of Oakland in answering calls of nature, and on occasions instances of lewdness have been observed by the citizens of Oakland so that fathers and mothers of the community have had to observe great care and caution to prevent their children from being exposed to such repulsive conditions; and the State would show further unto the court that since there are no proper sanitary facilities in this place of business owned, controlled and operated by the defendant, his patrons have used the alleys and streets adjacent thereto in answering calls of nature for such a long period of time that a highly offensive stench and odor emanates from around said premises and the petitioner doth verily believe that such conditions are detrimental to the health, as well as the morals, of the men, women and children of Oakland and that the same is an unlawful and unjustified intrusion on the enjoyment of said citizens of their property rights and the ordinary comforts and conveniences of their homes, and having no adequate remedy at law, the petitioner believes that this court of equity should take cognizance of said conditions and declare the same to be a nuisance and abate it.

"Petitioner avers that this proceeding is not brought under Section 1060 of the Code of 1942, but the State is advised that such conditions constitute a nuisance under the common law and under the inherent powers of equity, this court has the authority to afford relief to the citizens of Oakland where it is obvious that they cannot obtain adequate remedy at law and where it further appears that said nuisance is a continuing one and that the damage to the public generally in the Town of Oakland is a continuing one and cannot be effectively controlled unless the same be declared by this court to be a nuisance and abated as such."

The bill prayed that the cafe as operated be declared to be a public nuisance, and to be abated as such, and that its further operation in such manner be enjoined.

Appellant demurred both generally and specially to the bill upon the grounds, mainly, that there was no equity on the face of the bill, that the allegations were too vague, indefinite, and uncertain, and that there was an adequate remedy at law. The chancellor overruled the demurrers, and the appellant answered, denying the material allegations of the bill, averring the existence of an adequate remedy at law, and denying the right and power of a court of equity to afford the relief prayed for under the facts alleged in the bill.

The complainant in the court below, who is the appellee here, introduced a number of witnesses in support of the allegations of the bill. The defendant below, who is the appellant here, offered no proof. Upon the conclusion of the evidence, the chancellor found and decreed as follows:

"1. That the Town of Oakland is a residential community of some four hundred inhabitants in the First District of Yalobusha County, Mississippi, and that the respondent has owned and controlled and operated a negro cafe in the business district of the said town since April 1949, said cafe being located on the south end of Main Street next to the last store on the said street and being between Fred Green's grocery store and Carson Moore's dry goods store in a concrete block building.

"2. That in the operation of the said cafe by the respondent during this period of time he has had no toilet or sanitary facilities, for the use and convenience of his patrons installed in said cafe.

"3. That in the alley adjacent to said building and in the immediate vicinity thereof large numbers of the patrons of respondent's cafe have frequently been seen by the citizens of Oakland answering the calls of nature.

"4. That respondent has in said cafe a machanic machine commonly known as a juke box for the use and entertainment of his customers which is regularly played at all times of the day and night, including the Sabbath.

"5. That after the hour at night when most of the citizens of the town of Oakland have gone to bed the music from respondent's cafe has deprived them of their usual and normal rest; has prevented them from sleeping and from going to sleep, and that said music is usually accompanied by loud and boisterous noises, yelling, shooting, crying, shouting, singing, and obscene profanity, such as would shock the sensitivities of any civilized person.

"6. That the music and loud noises emanating from respondent's cafe during worship hours on the Sabbath have interfered with, disturbed, and unreasonably intruded on the congregation of at least one Church in the town of Oakland during their worship services both morning and evening; that the pastor of the Baptist Church in the town of Oakland was compelled to move his study and living quarters from one side of his house to another in order to escape the loud and raucous noises coming from respondent's cafe, which prevented him from his work and his family from their rest and sleep.

"7. That the respondent has permitted his customers and patrons to congregate on the sidewalk in front of his premises unnecessarily so as to prevent citizens of Oakland from using said walk on account of the congestion.

"8. That all of the foregoing acts of the respondent in the operation of his said business have constituted a nuisance to the general public in the town of Oakland, endangering their safety and security and that of their children, interfering with their sleep and rest and with the comfort and enjoyment of their property and greatly depreciating the value of their homes.

"It is, therefore, ordered, adjudged and decreed that said business as operated by the respondent be and it is hereby declared a public nuisance and abated as such.

"It is further ordered that the respondent, Fred Green, be and he is hereby perpetually enjoined, either by himself, his servants, agents, employees, or any of them, from operating said business in such manner as to produce

noise sufficient habitually to disturb the sleep and rest or comfort of the citizens of Oakland in the reasonable use and enjoyment of their homes. And he is further enjoined in the operation of his said business from operating or permitting his patrons and customers to play or operate the mechanical music box in his place of business during the worship hours on the Sabbath so as to interfere with or be offensive to the general public in their religious services in the various Churches in the Town of Oakland.

"The Court further finds that the operation of said cafe by the respondent is not a nuisance per se and is not abated as such but that as operated is a public nuisance in fact and an unreasonable and unjustifiable intrusion on the right of the citizens of Oakland to the quiet and reasonable use and enjoyment of their homes and property rights, seriously affecting their comfort, convenience and health."

·From the decree entered, the appellant prosecutes this appeal.

We find no error of the court in overruling the demurrers to the bill. The allegations of the bill, if supported by the proof, were ample to warrant the relief prayed for. We need not detail the evidence since it is undisputed and amply supports the findings of the chancellor. The sole question here presented is whether or not the court below, by virtue of its inherent powers as a court of equity, had jurisdiction under the facts of this case to render the decree appealed from, and whether the decree is sufficiently definite to be enforceable. We think this question must be answered in the affirmative. In Redmond v. State, 152 Miss. 54, 118 So. 360, the court quoted with approval from page 1118, 14 Enc. Pl. & Pr., the following: ██ █ "The jurisdiction of equity courts to grant relief by injunction, in proper cases, against nuisances, either public or private, is undoubted and well settled; and wherever the circumstances of the case

are such that adequate redress cannot be obtained elsewhere, equity will afford relief.''

It is argued by the appellant, however, that resort might have been had to prosecutions at law for offenses committed in and around the cafe and that, therefore, an adequate remedy at law existed. It is further argued by the appellant that he had no control over, and was not responsible for, the conduct of persons on the outside of the cafe. The proof, however, showed that the annoyance to the public complained of was caused by the patrons of the cafe who were attracted there by the music of the juke box and by the frivolity permitted in and around the cafe; that the juke box was played in loud blasts at all times of the day, including the Sabbath, and on Saturday and Sunday nights until the early hours of the morning, and that loud and boisterous conduct was indulged in by those whom appellant permitted to assemble in and around the cafe, and that church worship and the peace and quiet and sleep of the neighborhood were disturbed and interfered with. Neither noise nor music is an offense per se for which a prosecution will lie, but either may become a public nuisance subject to abatement only by the inherent powers of a court of equity.

''Noise may constitute a nuisance abatable during certain hours. Noises alone may be of such character and volume as to constitute a nuisance when they occur during the hours usually devoted to sleep, even though the same might not be so at other times; but in such cases the question is one of degree as well as locality.'' 66 C. J. S., Nuisances, Sec. 22, p. 775.

''Music or the playing of a musical instrument is not per se a nuisance. It may be or become a nuisance, whether it is vocal or instrumental, and whether it is classical or jazz, as, for instance, by reason of the noise it makes to the annoyance of the neighborhood, or where it continues for such long and frequent periods as to affect the nervous systems of the average normal individuals in the locality, and, also, if its tendency is to

bring together in the vicinity of a person's residence or place of business large crowds of noisy and disorderly people.'' 66 C. J. S., Nuisances, Sec. 63, p. 814.

In the case of State v. Turner, 198 S. C. 487, 18 S. E. (2d) 372, 375, the court discusses with much pertinency to the case at bar, public nuisances and what constitutes them, using the following language:

'' 'No doubt a nuisance is public if it affects the entire community or neighborhood, or any considerable number of persons. Furthermore, it undoubtedly is true that a nuisance is a public one if it occurs in a public place, or where the public frequently congregate, or where numbers of the public are likely to come within the range of its influence; and it seems to be sufficient to constitute acts or conditions a public nuisance if injury and annoyance are occasioned to such part of the public as come in contact therewith.' See Morison v. Rawlinson, 193 S. C. 25, 7 S. E. (2d) 635.

''In Clark's Criminal Law, 2d Ed., Hornbook Series, Section 115, Page 346, we find: 'Whatever tends to endanger life, or generate disease, and affects the health of the community; whatever shocks the public morals and sense of decency; whatever shocks the religious feelings of the community, or tends to its discomfort,—is generally, at common law, a public nuisance, and a crime * * * (Page 348). Disorderly houses, including houses of ill fame and drinking or tippling houses, kept in such a way as to annoy and scandalize the public, are nuisances at common law.'

''While it is true that dancing is generally regarded as an innocent amusement, and while drinking may be engaged in without becoming a nuisance, yet, if the dancing and the drinking are accompanied by swearing and drunkenness, making loud and disturbing noises, and otherwise misbehaving to the annoyance of the public or the neighborhood, and violative of public decency, there can be no doubt that such acts will constitute a nuisance. A public dance hall is not a nuisance per se,

but it may become a nuisance by reason of surrounding circumstances. It may become a nuisance by the manner in which it is conducted, and by the conduct of the persons assembling in and around it. Whether or not it is a nuisance is a question of fact. 46 C. J., Sec. 145, p. 699. State v. Everhardt, 203 N. C. 610, 166 S. E. 738.

"Although the defendants may have a license for the sale of wine and beer, and the drinking of it on the premises violates no statutory law, they have no right to habitually allow the assembling in and around the Circle Bar of noisy, drunken, boisterous crowds, whose noise and profanity disturb the peace and quiet of the public coming within the range of its influence. One who knowingly suffers or permits such conduct commits a public nuisance. Jung Brewing Company v. Commonwealth, 123 Ky. 507, 96 S. W. 595, 124 Am. St. Rep. 376.

"Likewise music is not per se a nuisance. It may be or become a nuisance whether it is vocal or instrumental, as for instance by reason of the noise it makes to the annoyance of the neighborhood, and, also, if its tendency is habitually to bring together in a vicinity or at a person's residence or place of business large crowds of noisy, dissolute and disorderly people."

 We think it is clear from the evidence that appellant so operated his cafe as to attract large crowds of noisy and disorderly people, and that he allowed them to assemble in and around the cafe and engage in loud and boisterous conduct, accompanied by drunkenness and profanity and other indecent and offensive conduct, and that such disturbances, together with the loud blast from the constant playing of the juke box, so disturbed and interfered with the peace, quiet, and sleep of the community or neighborhood, and so injuriously interfered with the people of the community in the enjoyment of their homes, as to constitute a public nuisance, and that no adequate remedy at law existed for the relief of the situation.

The views which we here express do not conflict with the decision of this Court in the case of Redmond v. State, supra, relied upon by the appellant. The Redmond case sought by suit in equity to enjoin the defendant therein from engaging in the practice of medicine, charging the conduct therein attributed to the defendant constituted a public nuisance. The court held that the facts disclosed by the record did not make the business conducted a nuisance per se and a quo warranto proceeding in the circuit court was the proper remedy to pursue in such case, and that hence there was an adequate remedy at law available. The Redmond case, however, recognized the jurisdiction of equity courts to grant relief by injunction in proper cases against nuisances, public or private, where no adequate remedy at law can be obtained.

We accordingly conclude that the trial court, by virtue of its inherent powers as a court of equity, possessed jurisdiction to abate such public nuisance and to enjoin the appellant from the operation of the cafe in the manner constituting such nuisance. We are further of the opinion that the decree so enjoining the appellant is sufficiently definite to be enforceable. It follows from these views that the decree of the court below should be and it is affirmed.

Affirmed.

PER CURIAM.

The above opinion is adopted as the opinion of the Court and for the reasons therein indicated, the judgment of the court below is affirmed.