EASTERLING *et al. v.* HOWIE.

(Division A. Oct. 25, 1937. Suggestion of Error Overruled Nov. 8, 1937.)

[176 So. 585. No. 32853.]

W. E. Morse and L. F. Easterling, both of Jackson, for appellants.

Howie, Howie & McGowan, of Jackson, for appellee.

**McGehee, J.**, delivered the opinion of the court.

The appellee, J. H. Howie, filed his bill of complaint in the chancery court of the First district of Hinds county against the appellants, Mrs. N. B. Easterling, L. F. Easterling, O. D. Offutt, C. F. Slyhart, and the city of Jackson, together with other named defendants, and all persons having or claiming any interest in certain blocks and lots of land situated in East Jackson, subdivision of the city of Jackson, to which he seeks the confirmation of title, and which are alleged to have been granted and ceded unto the state of Mississippi by an act of Congress of the United States on February 20, 1819 (3 Stat. 485),

for the use by the state as seat of government lands, the title to which is claimed by the appellee under a patent from the state issued to him on November 14, 1936. But it is alleged in the bill of complaint that a prior patent for the same blocks and lots of land was issued on November 20, 1915, in favor of one W. W. Moore, from whom the defendants named in the bill, as known to be claiming an interest in the land, are alleged to claim their title through mesne conveyance, and under certain tax sales.

It is further alleged that certain of these lands which were ceded to the state of Mississippi by the act of Congress on February 20, 1819, as seat of government lands, were authorized to be sold under an act of the Legislature of the state of Mississippi dated February 16, 1838; that there is some evidence of the same having been sold by virtue of the provisions of the said act, but that there is no record of any patent having been issued or recorded therefor; that if any of the lands were sold the title thereto was reacquired by the state under a tax sale of May 10, 1860, for the taxes due thereon for the year 1859; that under and by virtue of chapter 62 of the Laws of 1875, provision was made for the lease of said lands for a term of 99 years, and it is alleged that this act, by implication, repealed the former act of 1838 authorizing the sale of such lands; that no power to sell these lands existed in the Land Commissioner from 1875 until the enactment of chapter 185 of the Laws of 1926, which was subsequent to the issuance of the patent to W. W. Moore, and prior to the issuance of the patent in favor of the appellee.

The bill of complaint fails to alleged that before the patent was issued to the appellee on November 14, 1936, the notice provided for in section 2 of chapter 185 of the Laws of 1926, section 6036 of the Code of 1930, or chapter 174 of the Laws of 1936 (section 19), was given to the original buyer, W. W. Moore, or his vendee, by regis-

tered mail, or otherwise, for a period of 30 days, or that he, or his vendee, was thus given an opportunity to purchase the land under the statutes above referred to at such reasonable price as the State Land Commissioner, the Governor, and the Attorney General might fix, and obtain a credit on such price for the amount theretofore paid for the lands in question, with 6 per cent. interest, compounded annually, on the same, not to exceed the then value as fixed by said officers. In this connection the bill merely alleges that the patent issued to the appellee on November 14, 1936, was issued in accordance with section 26 of chapter 174 of the Laws of 1936, but which we find has no reference to the giving of such notice. On the contrary, section 19 of chapter 174 of the Laws of 1936 is the section thereof which provides for the notice to the original buyer or his vendee. Hence, the bill fails to allege specifically, or in general terms, that the notice provided for in any of these statutes was given.

A demurrer was interposed by the appellants chiefly on the ground that the bill of complaint set forth the issuance of the prior patent to W. W. Moore, and fails to allege that the Land Commissioner, in making the sale to the appellee, complied with chapter 185 of the Laws of 1926, section 6036, Code of 1930, or chapter 174 of the Laws of 1936 (section 19). The demurrer was overruled by the court, and an appeal from that decree was granted, as provided for in section 14 of the Code of 1930, and as recited in the decree, to settle all of the controlling principles of law involved in the case, and to avoid unnecessary expense and delay.

The appellee contends in his brief, however, that section 2 of chapter 185 of the Laws of 1926, brought forward as section 6036 of the Code of 1930, and amended by chapter 174 of the Laws of 1936 (section 19), has no application as to the requirement of notice to the orig-

inal buyer, or his vendee, of seat of government lands, but that this provision of these statutes applies to other lands situated in municipalities and divided in blocks and lots, which had theretofore been sold by invalid patents, and not to seat of government lands in the city of Jackson. And resting their argument on this ground, counsel for the appellee refrain from discussing the sufficiency of the allegations of the bill of complaint as to the notice given to the holder of the prior patent, or his vendee. And the question presented to us as the controlling principle of law involved in the case is whether or not section 2 of chapter 185 of the Laws of 1926, section 6036 of the Code of 1930, or chapter 174 of the Laws of 1936 (section 19), apply as to the giving of notice to a former purchaser under an invalid patent, when the state undertakes to sell seat of government lands.

It was held in the case of Huber v. Freret, 138 Miss. 238, 103 So. 3, decided on January 26, 1925, that section 2919 of the Code of 1906, prescribing the lands to be managed and disposed of through the State Land Office, gave no authority to the Land Commissioner to issue a patent to urban public lands belonging to the state, surveyed and divided into blocks and lots, but only authorized the sale of lands usually bought and sold by acreage.

Thereupon, the Legislature, at its next session, enacted chapter 185 of the Laws of 1926 (section 1), amending section 2919 of the Code of 1906, so as to specifically provide for the sale, through the State Land Office, of "all lands belonging to the state of Mississippi which were ceded to the state of Mississippi by the United States government for a seat of government which are located in Pearl river swamp and subject to overflow and all other seat of government lands which have been surveyed into blocks and lots in the city of Jackson, Mississippi, which were a part of the original lands ceded by the federal government to the state of Mississippi for a

seat of government and which have never been disposed of by the state of Mississippi," etc. And this act further provided that: "Land situated within municipalities which has once been patented by either the United States government or the state of Mississippi, and the title to which has thereafter, by escheat, tax sale, or otherwise become vested in the state of Mississippi, shall be sold by the land commissioner, by and with the written approval of the governor, as herein provided, even though it may have been subdivided into lots, blocks, divisions or otherwise and escheated to the state by such description," etc. These added provisions are contained in section 1 of said chapter 185 of the Laws of 1926, amendatory of section 2919 of the Code of 1906. Then there is added to the former statute section 2 of the act of 1926, which reads as follows: "All sales of such lands situated within municipalities, which lands have heretofore escheated to or title thereto become vested in the state, and which have been sold by the land commissioner of the state at a fair and reasonable price not less than that prescribed for the swamp and overflowed lands, may be conveyed to the original holder of the patents, or if he has sold same to his vendee at such reasonable price as the state land commissioner, the governor, and the attorney general shall fix, and such purchaser shall be allowed as credit on such price the amount heretofore paid therefor, with six per cent (6%) interest, compounded annually, on the same, not to exceed the present value as fixed by such officers. And no land heretofore sold, or attempted to be sold, shall be sold until notice by registered mail is given to the original buyer, or his vendee, if his post office address is known, and within a period of thirty days after the mailing of such notice. Such notice shall inform such buyer or his vendee of his rights hereunder. Whenever the post office address of such person is not known, notice shall be published in a

newspaper published at Jackson, Mississippi, the capital of the state, giving a description of such land for a period of two weeks, and of the right of such buyers, or their vendees. No deed shall be made to such buyer or his vendee until such person shall make affidavit that he bought the same in good faith and has not since sold his interest therein. Provided nothing in this act shall be construed to in any wise affect any litigation now pending with reference to or concerning any land in which the state may have or claim title.''

It will be observed that the first portion of section 2 of this act, as above quoted, provides to whom and at what price lands situated in municipalities and divided into blocks and lots may be sold, where the same had theretofore escheated to or title thereto had become vested in the state, and where the sale has been made at a fair and reasonable price. Then the remaining provisions of this section are to the effect that ''no land heretofore sold, or attempted to be sold, shall be sold until notice by registered mail is given to the original buyer, or his vendee,'' etc.

There are many rules or canons of construction to be followed in interpreting the meaning of a statute, but they all revolve in harmony around the one question of the intent and purpose of the Legislature in its enactment. As was said by Judge Anderson in the case of Hart v. Backstrom, 148 Miss. 13, 113 So. 898, 904, when construing section 2 of chapter 185 of the Laws of 1926, now under consideration, that: ''It is an effort on the part of the state to do justice to those who, in good faith, had attempted to purchase state lands, and who (both they and the land commissioner) thought they were getting valid titles at the time of purchase, by giving such persons an opportunity, not to take the lands at the price contracted for, but at their appraised value at the time of their application after the passage of the act.''

It is not sound to hold that the Legislature intended to grant purchasers, under invalid patents, of blocks and lots of land situated in municipalities of the state in and outside of the city of Jackson, other than seat of government lands, where the patents were issued prior to the passage of chapter 185 of the Laws of 1926, the rights conferred by this act and deny the same to purchasers of blocks and lots of land from the state which had been ceded to the state as seat of government lands. Because of the quantity of seat of government lands divided into blocks and lots and otherwise sold by the state, the rights of many of her citizens are involved as in cases of the issuance of invalid patents to other lands in municipalities. The same purpose is to be served and the same wrong is to be remedied in the one instance as in the other. Moreover, it was expressly held in the case of Hart v. Backstrom, supra, that chapter 185 of the Laws of 1926 is to be construed as a whole, and that section 2 thereof is a limitation upon the right of sale referred to in section 1 thereof. Seat of government lands surveyed into blocks and lots in the city of Jackson, and lands situated in municipalities generally, which have been divided into blocks and lots, are both referred to and authorized to be sold under section 1 of this act; and section 2 thereof, being a limitation upon the power of sale referred to in section 1, excepts from the power of sale vested in the Land Commissioner and the other officials therein mentioned all lands theretofore sold, or attempted to be sold, until notice is given to the original purchaser, or his vendee. This must be done before the lands are available for sale.

It is not alleged in the bill of complaint that the patent issued to W. W. Moore, as the original buyer of these lands, was not issued at a fair and reasonable price; nor are there sufficient facts alleged to show that the original patent was not obtained in good faith.

It may also be observed, in considering the ground of demurrer which challenges the sufficiency of the bill as a whole, that the appellee does not allege that he is in possession of the land in question, or that there is no adverse occupancy. This is necessary in a suit to confirm a title other than a tax title. Section 403, Code 1930; Griffith's Chancery Practice, section 217, page 215.

Reversed and remanded.