RODGERS, Justice:
The original suit in this consolidated action was filed by B. G. Coggin, Jr., Roy Jones, Felix Coggin, Frank Culver and R. G. Berryhill, Trustees of the Nettleton Line Consolidated School District, against Leroy E. Belk, Superintendent of Education of Lee County, Mississippi, and Clyde Morgan, Boyd Robison, J. C. Holland, Jeff P. Land and M. H. Jones, members of the Board of Education of Lee County, Mississippi, and also named as defendants, A. F. Summer, Attorney General of Mississippi, and Neal Biggers, District Attorney of the First Circuit Court District.
The second suit was filed by Douglas A. Bean, the selected superintendent of the Nettleton Line Consolidated School District, against the County Superintendent of Education and the members of the Board of Education of Lee County, Mississippi.
Both suits were petitions for a writ of mandamus to compel the Board of Education of Lee County, Mississippi, to determine the funds available and to direct Leroy E. Belk, County Superintendent, to enter into a contract of employment with Douglas A. Bean to begin on July 1, 1970, and to extend through June 30, 1974. A motion was sustained consolidating the two suits and an order was entered setting the case for hearing in vacation.
The Attorney General filed a motion to dismiss as to the Attorney General and a demurrer was filed by the District Attorney, both alleging that the suit could not be brought against them without their consent. The County Superintendent and the members of the Lee County School Board filed a general demurrer. . The trial court sustained the motion of the Attorney General, the demurrer filed by the District Attorney, and the general demurrer filed by the County Superintendent of Education and the members of the Lee County Board of Education. The petitioners were allowed to amend their petition. The members of the Board of Trustees of the Nettleton Line Consolidated School District filed an amendment to its original petition in which they dismissed as to the Attorney General and the District Attorney as parties and added that they were under injunction of the United States District Court to carry out a desegregation plan for the Nettleton Line Consolidated School District and were, therefore, parties individually interested in the petition for mandamus.
The defendants, appellants here, filed separate demurrers and the court, after argument, overruled the demurrer filed in cause number 9907. This was the petition originally filed by Douglas A. Bean. Whereupon, the parties entered into a stipulation agreeing to the official character of the parties and agreeing that the Nettleton Line Consolidated School District embraces territory in Lee and Monroe Counties and that Lee County is the “home county” (where the school is located), and *823 that Monroe County is the “cooperating county”; that there are funds with which to pay the Superintendent of the Nettleton Line Consolidated School District and that Mr. Bean was selected as Superintendent of the Line School; that on February 2, 1970, the trustees of the Line School delivered written notice of the selection of Mr. Bean as Superintendent to the Board of Education of Lee County, Mississippi; that the County Superintendent of Education of Lee County recommended that Mr. Bean not be appointed; that the Board of Education made no contention that it acted on good grounds, but reserved the right to so plead if necessary. It is agreed that the subject matter in cause number 9908 (trustees’ suit) affects the public interest and that the subject matter in cause number 9907 (superintendent’s suit) is a matter of private interest. It is contended by petitioners that they have no speedy remedy in the ordinary course of law. The petitioners in cause number 9908 (the petition filed by the trustees) contend that they are under federal decrees and have a personal interest so as to entitle them to sue for mandamus.
The petitioners contended in the circuit court that the Board of Education of Lee County had no discretion as to whether or not the contract should be entered into, but rather that their function was “no more than a ministerial duty to perform.”
The respondents denied that they did not have discretion in the matter; that even if their function were purely ministerial they could not be required to enter into a four-year contract “because they cannot find that funds are available for the full term of the contract.”
The trial court held that writ of mandamus should issue and that Leroy E. Belk, Superintendent of Education was directed to enter into a contract with Douglas A. Bean as Superintendent of the Nettleton Line Consolidated School District for the four years beginning July 1, 1970, and ending June 30, 1974, at an annual salary of $12,000, subject, however, to the provisions of Section 6282-17 Mississippi Code 1942 Annotated (1970 Cum.Supp.)
The first issue submitted for our determination on appeal is whether or not the appellees are proper parties authorized to bring the petition for a writ of mandamus seeking to compel the defendants to perform the alleged duties as officers of the school system of Mississippi.
The authority for bringing a petition for a writ of mandamus is found in Section 1109 Mississippi Code 1942 Annotated (1956), which is in the following language:
On the petition of the state, by its attorney-general or a district attorney, in any matter affecting the public interest, or on the petition of any private person who is interested, the writ of mandamus shall be issued by the circuit court, commanding any inferior tribunal, corporation, board, officer, or person to do or not to do an act the performance or omission of which the law specially enjoins as a duty resulting from an office, trust, or station, where there is not a plain, adequate, and speedy remedy in the ordinary course of law.
In the case of Board of Education of Forrest County v. Sigler, 208 So.2d 890 (1968), we pointed out that since the issuance of a mandamus is an extraordinary remedy the statute granting the right to petition for the writ must be strictly construed. We, therefore, held that one state administrative agency could not sue another state administrative agency except by statutory authority, and when mandamus is the subject of the petition the petition must be instituted by the officers or persons authorized to bring the suit. In that case there were no proper parties because the suit was instituted by a board not authorized to sue.
It will be noted, however, that the foregoing Section 1109 Mississippi Code 1942 Annotated (1956) permits a private person who is interested to bring a petition for mandamus in any matter affecting the public interest. The issue as to whether or *824 not the Board of Education of Lee County has discretion to refuse to enter into a contract with the Superintendent of Education of the Nettleton Line Consolidated School District is obviously a “matter of public interest.”
In view of the decision we have reached in this case we do not find it necessary to consider the first issue. If we agree with the appellant that the Trustees did not have a right under the statute supra to petition for mandamus, but that the ap-pellee, Bean, did have such right as an interested individual to file a petition for mandamus, the petition should have been dismissed because the defendants-appellants, Lee County Board of Education, had discretion to approve or disapprove the appointment or nomination of a superintendent of a line consolidated school.
It is perhaps better procedure if we recall the historical background leading up to the dispute here involved. In early times the schools of Mississippi were largely private schools, although a few children were taught by family tutors. Public schools found their beginning in villages and municipalities. Finally, a statewide consolidated school system was organized so as to be supported by taxing large land areas. Laws of 1924, chapter 283. Some of the consolidated school' territory included land in two counties. These schools were called “line consolidated schools.” Section 6375 Mississippi Code 1942 Annotated (1952). The county in which the school house was located was called the “home county” and the adjacent county was called the “cooperating county.” Trustees were selected from both counties. Laws 1953, Ex.Sess. ch. 25, sec. 2; Laws 1954, ch. 259, sec. 2; Sections 6328-01 et seq., Mississippi Code 1942 Annotated (1970 Cum.Supp.)
The Nettleton Line Consolidated School is one of the line schools retained to continue under the original organization of a line consolidated school between Lee and Monroe Counties. Section 6328-51 Mississippi Code 1942 Annotated (1970 Cum. Supp.)
In the year 1953 the Mississippi Legislature undertook to abolish all schools in this State. Section 6328-01 Mississippi Code 1942 Annotated (1970 Cum.Supp.) The Legislature then reorganized the school system of the State into (a) municipal separate school districts, (b) consolidated school districts (which are districts other than county-wide districts and municipal county-wide districts and which include line consolidated school districts), and (c) county-wide school districts. The reorganization of schools was a complex and extraordinary endeavor. Both houses of the Legislature presented bills on various phases of this work and it is noteworthy that there is so little apparent conflict in the various sections of the school law up to this time.
After the reorganization of 1953 school laws the school administrators apparently experienced difficulty in putting into effect the new organization because the law was amended in several particulars. We are thus brought to the task of determining the meaning of one of these amendments. Let us first begin with the law as it was originally written.
The first Act is Chapter 20, Laws, Extraordinary Session 1953, section 4, approved December 28, 1953. (Section 6282-04 Mississippi Code 1942 Annotated [1970 Cum.Supp.]). The pertinent part of this Act is in the following language:
CHAPTER 20
House Bill No. 11
AN ACT to prescribe the method for selecting, employing, contracting with, and paying the salaries of superintendents, principals, teachers and other employees of the public schools; to repeal sections 6262, 6263, 6270, 6279, 6281, 6282, 6283, 6284, 6285, 6286, 6287, 6290, 6291, 6292, 6293, 6294, and 6302, Mississippi Code of 1942, chapters 152 and 158, laws of 1944, chapter 481, laws of 1946, and chapters 274 and 279, laws *825 of 1948; and for other related purposes.

Be it enacted by the Legislature of the State of Mississippi:

* * * * * *
Section 4. The county superintendent of education shall be the superintendent of a county-wide school district; and municipal separate school districts embracing an entire county with population of under 15,000 persons, as provided in House Bill No. 8. In all other school districts the board of trustees shall, on or before the 15th day of January of each year, select the superintendent of the schools of such district, except in those cases where the superintendent has been previously selected and has a contract which is valid for the ensuing scholastic year. In the case of a municipal separate school district, the board of trustees thereof shall enter into a contract with the superintendent so selected in the manner provided in this act. In the case of a county school district, other than a county-wide district, the board of trustees, not later than the first day of February, shall notify the county superintendent of education of the superintendent so selected, including in such notification the amount of salary to be paid to such superintendent, and setting forth separately the amount to be paid from minimum education program funds and the amounts, if any, to be paid from other school funds.' At its next meeting after receiving such notification, the county board of education, after consulting with and obtaining the recommendation of the county superintendent of education, shall pass upon and approve or disapprove the superintendent so selected, which approval or disapproval shall be entered on the minutes thereof. If such superintendent be approved the approved the county superintendent shall enter into a contract with such superintendent in the manner provided in this act. If any superintendent be disapproved, the proper board of trustees shall be given notice thereof, which shall state the reasons for such disapproval, and the said board of trustees shall select another person in the same manner as is provided in this section. If, in any case, the election of a superintendent shall not be reported to the county superintendent by the 1st of February, the county board of education may appoint the superintendent of such district after consulting with' and obtaining the recommendation of the county superintendent of education.
The title and pertinent parts of House Bill 16, Chapter 25, section 4, approved December 22, 1953 (Section 6328-54 Mississippi Code 1942 Annotated [1970 Cum. Supp.]), are as follows:
CHAPTER 25
House Bill No. 16
AN ACT providing for the procedure to be followed in creating, altering, or abolishing line school districts; to provide for the administration of line school districts; to repeal sections 6277 and 6375, code of 1942, chapter 287, laws of 1946, and chapters 275 and 294, laws of 1950, and for other related purposes.

Be it enacted by the Legislature of the State of Mississippi:

Section 4. In such line school districts the superintendents, principals and teachers shall be selected in the manner provided by House Bill No. 11, Extraordinary Session of 1953, except that the county board of education of the home county shall approve or disapprove the superintendents, principals and teachers so selected in the manner provided in said House Bill No. 11, Extraordinary Session of 1953, and the county superintendent of education of the home county shall enter into contracts with the superintendents, principals and teachers so selected. All of the provisions of said House Bill No. 11, Extraordinary Session of 1953, shall be applicable to *826 the selection, employment, contracting with and paying the salaries of such superintendents, principals and teachers except as is specifically provided herein.
The Legislature amended Chapter 20, Laws, Extraordinary Session, 1953, by Laws, 1960, Chapter 300 (Section 6282-04 Mississippi Code 1942 Annotated [1970 Cum.Supp.]). The pertinent parts of this amendment, including the title, are in the following language:
CHAPTER 300
House Bill No. 505
AN ACT to amend sections 4, 6, 9 and 10, chapter 20, laws of the extraordinary session of 1953, to authorize the county superintendent of education to contract with superintendents, principals and teachers of a consolidated county school district upon the election of said personnel by the board of trustees of the district involved.

Be it enacted by the Legislature of the State of Mississippi:

Section 1. Section 4, chapter 20, laws of the extraordinary session of 1953, appearing as section 6282-04, Recompiled Volume 5, Mississippi Code of 1942, is amended to read as follows:
Section 4. The county superintendent of education shall be the superintendent of a county-wide school district; and municipal separate school districts embracing an entire county with population of under fifteen thousand (15,000) persons, as provided in chapter 17, laws of the extraordinary session of 1953. In all other school districts the board of trustees shall, on or before the 15th day of January of each year, select the superintendent of the schools of such district, except in those cases where the superintendent has been previously selected and has a contract which is valid for the ensuing scholastic year. In the case of a municipal separate school district, the board of trustees thereof shall enter into a contract with the superintendent so • selected in the manner provided in this act. In the case of a county school district, other than a county-wide district, the board of trustees, not later than the 1st day of February, shall notify the county superintendent of education of the superintendent so selected, including in such notification the amount of salary to be paid to such superintendent, and setting forth separately the amount to be paid from minimum education program, funds and the amounts, if any, to be paid from other school funds. The county superintendent of education shall determine whether such funds are available and shall enter into contract with such superintendent in the manner provided in this act. At the next regular meeting of the county board of education he shall report same to the board of education and such shall be entered in the minutes thereof. If, in any case, the election of a superintendent shall not be reported to the county superintendent by the 1st of February, the county board of education may appoint the superintendent of such district after consulting with and obtaining the recommendation of the county superintendent of education.
The foregoing amendment expressly amended sections 6, 9 and 10 of Laws, Extraordinary Session, 1953, Chapter 20. This amendment did not expressly mention House Bill 16, Chapter 25, section 4 of the Laws, Extraordinary Session, 1953. The issue then resolves itself into the specific question as to whether or not Chapter 300, House Bill 505, Laws, 1960, amended Chapter 25, section 4, by implication.
What is meant by an- implied amendment? It has been said that “An implied amendment is an act which purports to be independent of, but which in substance alters, modifies, or adds to a prior act. * * * ” Sutherland Statutory Construction, Vol. 1, section 1913, pages 365, 366 (1943).
*827 The textwriter in 82 C.J.S. Statutes § 252, page 419 (1953), says that: ⅛
* * * [A]n “implied amendment” has been defined as an act which purports to be independent of, but which in substance alters, modifies, or adds to a prior act. The doctrine of implied amendment of an earlier statute by a later one rests on the inference that the legislature cannot be supposed to have intended that there should be two distinct enactments embracing the same subject matter in force at the same time, and that the' new statute being the most recent expression of the legislative will must be deemed a substitute for the previous enactment and the only one having the force of law.
This Court has recognized that a statute may be amended by implication although the amending enactment does not refer to the legislative acts or code sections amended. Hart v. Backstrom, 148 Miss. 13,113 So. 898 (1927). However, this Court has also pointed out that an enactment of the Legislature will not be held to have changed a statute that they did not have under consideration at the time the last enactment was adopted. State ex rel. Booze v. Cresswell, 117 Miss. 795, 78 So. 770 (1918).
It has been generally held that the amendments of statutes by implication are not favored by the courts and will not be upheld in doubtful cases. Moreover, an intent to amend by implication will not be imputed to> a legislative enactment unless such intention is manifestly clear from the context of the legislative act. 82 C.J.S. Statutes, § 252 (1953).
We are unable to find anything in Chapter 300, Laws, 1960, to indicate the intention of the Legislature to change or modify Chapter 25, section 4, Laws, Extraordinary Session of 1953.
Appellees contend, however, that section 4, Chapter 25, Extraordinary Session 1953 “never was intended by the Legislature to designate the method of selecting line district personnel.” It is said that this chapter deals only with the creation, alteration, abolition or administration of line school districts; that Chapter 25 was only intended to name the county board of education (home county) responsible for the selection of the superintendent of the line school.
From an examination of Chapter 20, section 4 and Chapter 25, section 4, Laws, 1953 Extraordinary Session, it is apparent that these two sections deal with the same subject matter and must be construed together. Chapter 20, section 4 deals with the method of the selection of school superintendents: municipal districts, county-wide districts and county school districts other than county-wide districts. This is an overall statute dealing with the selection of superintendents generally.
Chapter 25, section 4 deals with the selection of superintendents of line consolidated school districts and is specific in nature.
In Sutherland Statutory Construction, Vol. 3, section 5204 (3rd ed. 1943), we find the following rule citing may cases : .
General and special acts may be in pari materia. If so, they should be construed together. Where one statute deals with a subject in general terms, and another deals with a part of the same subject in a more detailed way, the two should be harmonized if possible; but if there is any conflict, the latter will prevail, regardless of whether it was passed prior to the general statute, unless it appears that the legislature intended to make the general act controlling.
This rule is well established as may be readily seen from the many cases collected in 82 C.J.S. Statutes § 366 (1953). Moreover, we have adopted this rule in this state. See Pigford v. State ex rel. Broach, 184 Miss. 194, 183 So. 259 (1938); Beard v. Stanley, 205 Miss. 723, 39 So.2d 317 (1949). This rule is particularly applicable when, as in this case, the two acts were passed at the same session of the Legislature. 82 C.J.S. Statutes § 367 (1953).
*828 We must, therefore, consider that Chapter 20 and Chapter 25 deal with the same subject matter and, since Chapter 25 is specific, we must hold that Chapter 25, section 4 is the method intended by the Legislature to select superintendents for line consolidated schools.
It is apparent that both Chapters 20 and 25, Laws, 1953, deal with the selection of a superintendent of education, but it is also apparent that Chapter 25, section 4 is specific as to method of selection of a superintendent. The argument that Chapter 25, section 4 merely names the county responsible for the selection of a superintendent, and refers specifically to' Chapter 20, section 4 for the method of appointment, and that the amendment of Chapter 20, section 4 amended the method of selection of all superintendents of schools, is not well taken for the following reason. Where statutes refer specifically to another statute, it specifically embodies the statute referred to into the adopting statute. The effect of the adopting of an earlier statute is to incorporate the entire section of the earlier statute, the same as if recopied in the later statute. 50 Am.Jur. Statutes section 38, page 58 (1944).
In the instant case the amendment of Chapter 20, section 4, Laws, 1953, by Chapter 300, Laws, 1960, did not amend Chapter 25, section 4, Laws of 1953 because Chapter 25 had adopted the method originally set forth in Chapter 20, section 4, Laws, 1953, and this was not amended; therefore, the Board of Education of Lee County retained the discretion to approve or disapprove the nomination of a superintendent of the Net-tleton Line Consolidated School.
The judgment of the trial court will, therefore, be reversed and the petition for mandamus dismissed.
Reversed and rendered.
ETHRIDGE, C. J., and BRADY, SMITH and HARPER, JJ., concur.