**Mrs. Esterlene G. McKNIGHT, Administratrix of the Estate of Johnnie Ervin McKnight, Plaintiff,**

v.

**Dr. John D. DYER et al., Defendants.**

No. EC 71–32.

United States District Court,
N. D. Mississippi, E. D.

July 27, 1971.

Thomas R. Price, Memphis, Tenn., D. W. Houston, Jr., of Houston & Chamberlin, Aberdeen, Miss., for plaintiff.

Robert L. Green, of Neeley, Green & Fargarson, Memphis, Tenn., Ralph Holland, Lumpkin, Holland & Ray, Tupelo, Miss., Armis E. Hawkins, Houston, Miss., for defendants.

### MEMORANDUM OPINION

ORMA R. SMITH, District Judge.

This action is before the court on motion to dismiss filed by defendant, Dr.

Roy F. Harmon, asserting lack of jurisdiction over the person of said defendant. Rule 12(b) (2) Fed.R.Civ.P.

The incident giving rise to this litigation occurred on or about May 7, 1968, in Houston, Chickasaw County, Mississippi at a time when Dr. Harmon was a resident and citizen of said county and state. The acts of which complaint is made involve an examination or operation of plaintiff's decedent by Dr. Harmon, a licensed physician and surgeon, in the performance of which plaintiff asserts that Dr. Harmon negligently and carelessly caused the decedent to suffer certain injuries from which he later died.

Dr. Harmon thereafter moved to and became a citizen of the State of Tennessee. At the time of the filing of this action, Dr. Harmon was and continues to be a resident and citizen of that state. Plaintiff obtained service of process on Dr. Harmon through the Secretary of State of Mississippi pursuant to Mississippi's long-arm statute, Section 1437, Miss.Code Ann. (Cum.Supp.1970).[1]

Section 1438, Miss.Code Ann. (Cum. Supp.1970)[2] though a separate section of the code, is in fact a part of Section 1437. Section 1438 was amended the last time by Ch. 245, § 1, Laws, 1958, eff. July 1, 1958.

The section of the code to which reference is made in Section 1438, i. e., Section 9352–61 Miss.Code Ann. (Cum. Supp.1970) provides the manner and procedure for service of process on non-resident motorists who drive into Mississippi and use the highways of the State. This latter section (9352–61) was amended in 1964, by Chapter 376, Laws, 1964, effective April 22, 1964. The amended statute contains, as Section 2 of the statute, the following "The provisions of this act shall likewise apply to any person who is a nonresident at the time any action or proceeding is commenced against him". At the time of the last amendment to Section 1438, the provision of Section 9352–61, just quoted, was not a part of the statute; having been inserted in the statute in 1964.

The question presented to the court is whether the reference in Section 1438 to Section 9352–61, as amended and supplemented, serves to write into Section 1438, the above quoted provision of Section 9352–61, thereafter inserted into the statute.

In the recent case of Belk v. Bean, Miss., 247 So.2d 821 (Opinion dated May 31, 1971) the Mississippi Supreme Court held:

"* * * Where statutes refer specifically to another statute, it specifically embodies the statute referred to into the adopting statute. The effect of the adopting of an earlier statute is to incorporate the entire section of the earlier statute, the same as if recopied in the later statute. 50 Am. Jur. Statutes section 38, page 58 (1944).

In the instant case the amendment of Chapter 20, section 4, Laws, 1953,

---

1. Section 1437 provides in its material part:

"Any nonresident person * * * who shall commit a tort in whole or in part in this State against a resident of this State, * * * shall by such act or acts be deemed to be doing business in Mississippi. Such act or acts shall be deemed equivalent to the appointment by such nonresident of the Secretary of State of the State of Mississippi, * * * to be the true and lawful attorney or agent of such nonresident upon whom all lawful process may be served in any actions or proceedings * * * arising from or growing out of such * * * tort, or as an incident thereto, by any such nonresident or his, their, or its agent, servant or employee."

2. Section 1438 provides:

"Service of any process herein provided for to be made upon the secretary of state shall be made in like manner and procedure, inclusive of notice of service, and with the same force and effect, as is provided by law for service on nonresident motorist defendants under section 9352–61, Mississippi Code of 1942, *as amended and supplemented.*" (Emphasis supplied).

by Chapter 300, Laws, 1960, did not amend Chapter 25, section 4, Laws of 1953 because Chapter 25 had adopted the method originally set forth in Chapter 20, section 4, Laws, 1953, and this was not amended; therefore, the Board of Education of Lee County retained the discretion to approve or disapprove the nomination of a superintendent of the Nettleton Line Consolidated School." [3]

In *Belk* the court held that the amending statute did not have the effect of amending the adopting statute. If the rule in *Belk* is applicable to the issue presented in the action sub judice, the court must find that the provision inserted in 1964 in Section 9352–61, supra, is not a part of Section 1438. Thus, defendant's motion would be well taken.

There is, however, a marked difference in the facts involved in *Belk* and those involved in the action sub judice. The adopting statute in *Belk* makes reference only to the adopted statute and does not contain language, as does Section 1438, which indicates the intention of the legislature to include in the adopting statute, subsequent amendments or supplements to the adopted statute.

A cardinal rule of statute interpretation is that the court should strive to determine the intent and purpose of the legislature in the passage of the legislation. See Easterling v. Howie, 179 Miss. 680, 176 So. 585 (1937).

The legislature has provided a means by which a nonresident, who makes use of the highways in the State, can be sued in the courts of the State in any action growing out of or arising from the use by such nonresident of the highways in the State. The nonresident motorist statute, Section 9352–61, provides in language similar to that used in Section 1437 that " * * * the operation by a non-resident of a motor vehicle on any public street, road, or highway or this state * * * shall be deemed equivalent to an appointment by such non-resident of the secretary of state of Mississippi to be his true and lawful attorney, upon whom may be served all lawful processes or summonses in any action or proceeding against him. * * * " The 1964 amendment brought within the coverage of the statute "any person who is a non-resident at the time any action or proceeding is commenced against him".

Thus, it is clear that the legislature intended to include within the scope of the statute a motorist, who is a non-resident at the time the action is filed, although at the time of the incident giving rise to the action the party was a resident of the State.

Section 9352–61 applies only to those using the highways in the State. Sections 1437 and 1438, apply generally to all nonresidents who do business in the State, or who commit, in whole or in part, a tort in the State, or who enter into a contract with a resident of the State to be performed, in whole or in part, by any party in the State.

It is clear to the court that the legislature intended by the enactment of Section 1438 to provide that process issued and served in actions brought pursuant to Section 1437 shall be issued and served in the same manner and with the same effect as process issued and served pursuant to Section 9352–61. The addition in Section 1438 of the words "as amended and supplemented" indicates that the legislature intended to give those suing nonresidents under Section 1437, the same rights and privileges as given to those suing a nonresident motorist, under Section 9352–61.

The court is of the opinion and so holds that Dr. Harmon's motion to dismiss should be overruled.

An appropriate order will be entered by this court.

3.  247 So.2d 828.